## United States Bank *vs.* Stearns.

In an action by the *United States Bank* in this state, an exemplification of the charter must be produced to prove the corporation.

The *necessity* which authorises the calling of an interested witness must be general in its nature, embracing a large and definite class of cases, and such as arises in the natural and usual course of human affairs. A *teller* in a bank comes within the rule, and is a competent witness for the bank, although he has given a bond with sureties for the correct discharge of his duties.

THIS was an action of *assumpsit*, tried at the Erie circuit in March, 1834, before the Hon. ADDISON GARDINER, one of the circuit judges.

The plaintiffs claimed to recover a sum of money overpaid to the defendant, on the presentment by him of certain checks. The *teller* of the bank testified that by mistake he overpaid the defendant $100, on checks drawn upon the cashier of the *United States Branch Bank, at Buffalo.* On his cross-examination he stated that he had given a bond to the bank, with sure-

ties, for the correct discharge of his duties. He was objected NEW-YORK, to, as an incompetent witness, but the objection was overruled. May, 1836. The cashier of the Buffalo Branch Bank testified that the plaintiffs had a banking house in Philadelphia, where they had carried on banking business for many years, under their charter. The defendant insisted that the plaintiffs were bound to prove themselves a corporation by the production of their charter. The judge decided that the charter need not be produced, because the act of incorporation of the Bank of the United States was a public act, which, for certain purposes, constituted the bank the financial agent of the general government, and gave the United States an interest in the stock; and because the presentation of the checks and the receipt of the money was an implied admission of the existence of the corporation. The jury found for the plaintiffs. The defendant asks for a new trial.

U. S. Bank v. Stearns.

*M. T. Reynolds*, for defendant.

*J. A. Spencer*, for the plaintiffs.

*By the Court*, SAVAGE, Ch. J. The first point now raised by the defendant is, that there was no evidence of the existence of the corporation. It has been often decided in this court, that upon the plea of the general issue to an action by a corporation, such corporation must prove its legal existence. The least proof which has been held sufficient is the production of an exemplification of the act incorporating the plaintiffs, and evidence of user, under their charter. 1 *Wendell*, 555. In one case it was held that the act of incorporation might be read from the statute book, printed by the printer to the state. 9 *Cowen*, 205,6. The evidence of user in this case was enough; but there was no evidence at all of the act of incorporation. No exemplification was produced, nor even the act read or produced in the statute book. One or the other is indispensable, when the suit is brought by corporations created by our own statutes. But when a suit is brought by a foreign corporation, as the plaintiffs must be considered in this court, I apprehend an exemplification should be produced, if required.

The courts of the state of New York have no judicial knowledge of acts of congress, creating corporations. When they are necessary, as evidence, they must be proved as the acts of our sister states must be proved. In my opinion the proof of the existence of the corporation was insufficient. The transaction of business by the defendant with the plaintiffs was probably an admission that they had capacity to transact business as a company ; but not that they were an *incorporated* company. Many commercial companies not incorporated do business by officers and agents, and are capable of suing, but not otherwise than in their individual capacities.

Another question in the case is whether the teller was a competent witness. He had given a bond to the plaintiffs, with condition for his correct conduct in the office of teller, and it is contended that thus he was interested, as being bound to indemnify the plaintiffs for his own mistakes. In the case of *The Union Bank* v. *Clossey,*10 *Johns. R.* 273, and 11 *id.*182, it was decided that when the condition of a bond was, that the defendant " shall well and faithfully perform the duties assigned to, and trusts reposed in him as first teller," he was not liable for a mistake in overpaying a check ; that the bond was to be considered security for the honesty of the teller, and not for his competency. What are the terms of the condition of the bond in this case we are not informed; the language of the witness, as stated in the case is, that he had given a bond to the bank, with sureties, for the correct discharge of the duties of teller. The word *correct* may well mean *upright,* without subjecting him to liability for mistakes ; and if so, the witness was not interested. If, however, he was interested, I am inclined to think him admissible, upon the same principle of necessity which admits an agent, or servant, in the common course of his business ; a porter, who has delivered goods for his employer ; a cartman, who has delivered goods; a common carrier ; a factor, or broker, even where he is to receive a percentage for his commission. Such witnesses are admitted from necessity ; because, from the nature of the case, it is exceedingly improbable that any person not interested should possess any knowledge of the facts. Such necessity must be general in its nature, embracing a large and definite class of cases

and such as arises in the natural and usual course of human affairs. 2 *Stark. Ev.* 753, 767, 8, *n.* 2.

This is a case coming precisely within the rule laid down by Mr. Starkie. It is extremely improbable that any person less interested than the teller can have any knowledge on the subject ; it relates to a transaction in the regular course of his business ; and there is a large class of cases which are embraced within the principle.

New trial granted ; costs to abide the event.