Burd et al., vs. Ross.

---

BURD ET AL., APPELLANTS, vs. ROSS, RESPONDENT.

1. A clerk, who pays out the money of his employer by mistake, is a competent witness for his employer in an action to recover it back.

APPEAL from St. Louis Court of Common Pleas.

STATEMENT OF THE CASE.

This was assumpsit in the St. Louis court of common pleas, by respondent against appellants, to recover from them the amount of a certain promissory note for $140 60, executed

Burd et al., vs. Ross.

by William G. Ross, and alleged to have been paid through mistake, in the settlement of an account between W. G. & J. W. Ross and Burd, Rucker & Co., as part of the indebtedness of said W. G. & J. W. Ross.

The declaration contained common counts in the usual form. Suit was brought on the 26th day of May 1849, and, at the appearance term, the defendants filed the plea of the general issue. On the trial the jury found the issue for the plaintiff, whereupon the defendant filed a motion for a new trial, assigning the ordinary reasons, which the court overruled, and the defendant excepted. On the trial the plaintiff offered to read in evidence the deposition of Joseph R. Ross, to which defendants objected, on the ground that it was illegal and incompetent, because the deponent was interested in the case, and otherwise incompetent. The court overruled the objection and allowed the deposition to be read, to which defendants excepted.

Proof was given by the plaintiff, through the deposition of Joseph R. Ross, that at the time the said note bore date, W. S. & J. W. Ross were not in business together: that their co-partnership was formed some time subsequent to said date; and that their firm was dissolved some time previous to the payment of said note. That Joseph R. Ross, in the absence of plaintiff, paid, as his agent, said note, and with plaintiff's money, supposing it to be the debt of W. G. & J. W. Ross, together with an amount against said firm, in which it was included as an item; and the plaintiff, when he learned of the payment of the same, dissented therefrom. Proof was given by defendant, that the note in controversy was executed for merchandise sold and delivered by the defendants to the promissors therein. That said account was shown to plaintiff's agent, aforesaid, at the time of the payment thereof, and that said note was an item included therein; and that the said note itself was given up to the said agent of the plaintiff by the defendants, at the time of the payment of the account in which a copy thereof was included as an item. At the close of the testimony, the defendants prayed the following instructions:

"1. If the jury find from the evidence, that when Joseph A. Ross paid to defendant, Rucker, the amount of $225 50, he knew that the note of William G. Ross to Burd, Rucker & Co. constituted a part of said amount, the plaintiff ought not to recover.

"2. Even though the jurors should find from the evidence, that Joseph R. Ross, when he paid defendant Rucker the amount of $225 30, did not know that the note of William G. Ross constituted a part of said amount, yet, if they find that he did not know that fact, because of gross negligence, they will find for the defendants.

"3. If the jury find that the note of William G. Ross to Burd, Rucker & Co., constituted an item in the account paid to defendant Rucker by Joseph R. Ross, and that said note was given up to said Joseph R. by said Rucker, at the same time with said account, the jurors are authorized to consider these facts as evidence of gross negligence."

The court gave the first two instructions prayed for, and refused the third, and defendants excepted. Defendants' motion for a new trial having been overruled, and exceptions taken, he has brought the case to this court.

## POLK, for appellant, maintains:

1. That the deposition of Jos. R. Ross ought to have been excluded from the jury. The witness was interested. The loss for which respondent sued, occurred through the act and negligence of the witness. And unless the plaintiffs recovered against the respondent, he would have recourse against the witness. So that, the witness must have become liable to the respondent immediately upon failure of the suit against the appellants. The witness, therefore, had a direct and immediate interest in sustaining the plaintiffs' suit.

2. The Com. Pl. erred in refusing defendants' instruction. That instruction, it will be observed, does not ask the court to tell the jury that the facts it embodies, constitute gross negligence; or, even, that they are conclusive proof of such negligence, but only that they are evidence; that is, some evidence of such negligence.

---

Burd et al. vs Ross.

---

Now, I submit, that with no propriety can it be denied that they tried to prove such negligence, that they are evidence of it.

FREEMON & REBER, for respondent,

Makes the following points:

1. The question as to the competency of the witness, Jos. R. Ross, the admission of whose testimoney is the first error assigned by the appellants, does not arise on the record, because the admission of his deposttion is not assigned as a reason in the motion for a new trial: Floersh vs. the Bank, 10 Mo. R. 515; Gordon vs. Gordon, 13 ib. 215.

2. But if the question was properly raised, the witness had no direct, disqualifying interest in the suit: Franklin Bank vs. Freemon, 16 Pick. 535; Bent vs. Baker, 3 Term Reports 27; Smith vs. Prayer, 7 ib. 61; Todd vs. Boone county, 8 Mo. R. 435.

3. Even though the witness were interested, still he was competent, *ex neccessitate*: U. S. Bank vs. Stearns, 15 Wend. 314: 2 Espinasse 509; 1 Strange 647; Baker vs. McCrea, 3 Campbell 144; Fisher vs. Willard, 13 Mass. 379; 1 Cow. & Hill's notes 97; 1 Greenleaf's Ev. 485; U. S. Bank vs. Johnson, 5 Martin's La. Rep. N. S. 310, (condensed Rep. top page 556.)

II. The only question arising on the record, is, as to the action of the court in refusing to give the third instruction asked by the defendants (appellants here.) That instruction was properly refused, because;

1. It was not warranted by the evidence, and could only mislead the jury. Coupled with the second instruction, it told them, in effect, to find for the defendants, if they found that the note of Wm. G. Ross constituted part of the account paid by the witness, and that it was given up to witness at the time the account was paid.

Now, neither the fact, that the note constituted part of the account, nor that it was left with the witness. was a controlling circumstance, under the evidence in the case. Indeed, they were both almost wholly immaterial, as evidence of laches on the part of the witness.

He swears he did not know the note constituted part of the account; that he paid it without seeing the bill, relying on the appellant, Rucker's statement, that it was a debt due by the firm of Wm. G. & J. W. Ross; that he would not have paid it had he known that the note was included in it, and that being engaged at the time, he did not examine the bill until Rucker had left the store.

After artfully throwing the witness off his guard, appellants should not be allowed to object that they left with him the evidence that he was blinded by them.

The instruction might, under a supposable state of the case, contain a good definition of gross negligence, but upon the facts in proof in this case it is wholly wrong, because it leaves out of view the strongest countervailing circumstances, and improperly withdraws attention from them.

2. The instruction is an invasion of the province of the jury, and controls them in the estimate which they are to put upon particular facts, when those facts have no peculiar force, either by reason of some technical rule of evidence or presumption of law.

3. It misapprehends the law of the case. If the money was paid, in point of fact, under a mistake of facts, the payer may recover it back, although; at the time of payment, he had the means of knowing it was not due or owing: Wait vs. Legget, 8 Cowen 195; Kelly vs. Solari, 9 Meeson & Welby 54; Lucas vs. Worswich, 1 M. & Rob. 293, cited in Smith's leading cases, vol. 2nd 275; Wheadon vs. Olds, 20 Wend. 174; Whitcomb vs. Williams, 4 Pick. 228; Boulware vs. the Bank, 12 Mo. 542.

The rule, as to means of knowledge, is laid too broadly in the dicta of some of the judges, and carried into some of the text books.

4. The mistake of the witness, Ross, was produced by the appellants, and they cannot take advantage of it: Union Bank vs. U. S. Bank, 3 Mass. 74.

The appellant, Rucker, intended to make the witness pay the bill, without knowing that the note constituted an item in it, and he succeeded.

III. But admitting that the instruction refused was well enough, the court had fully instructed the jury in the law of the case, and even more favorably to the appellants than the facts would warrant, and therefore, as the verdict is obviously for the right party, this court will not disturbe it: Maston vs. Fanning, 9 Mo. Rep. 305.

The appellants, to say the least, got the appellee's money unfairly, without right and without his consent, and are not entitled *ex equo et bono* to retain it.

RYLAND, J., delivered the opinion of the court.

The competency of the witness, Joseph R. Ross, and the refusal of the court below to give the third instruction, as set forth in the above statement for the defendants, are the main questions for our adjudication in this case. The errors assigned by the appellants, have reference principally to these questions.

Let us consider them: First, as to the competency of the clerk, Jos. R. Ross. We entertain no doubt of his competency. He, as clerk of the plaintiff, was induced, obviously, by the statements of the defendant, Rucker, to pay the money, under a misapprehension. From necessity, the clerk in this case was the proper person to prove the payment for his principal, when suing to recover the money back. He, in all probability, must have been the only person who knew or could prove the fact.

It is well settled, that a cashier and teller of a bank, though they may have given bonds to the bank for the faithful performance and discharge of their duties, may yet be witnesses for the bank, to charge a defendant on a promissory note, or for money lent, or overpaid, or obtained from the office without security, which he should have received. So is a carrier admissible for the plaintiff, to prove that he paid money to the defendant by mistake, in an action to recover it back. Persons thus situated in regard to interest, are admitted as witnesses, on the grounds of public necessity, and convenience, and to prevent a failure of justice. See 1 Greenleaf's Evi. sections 411, 416; 15 Wend. 316.

In this case from Wendell, a teller was offered as a witness for the plaintiff, (U. S. Bank vs. Stearns.) The teller had given bond to the bank as its officer, yet the supreme court of New York admitted him as a witness Ch. Just. Savage uses this language, "if, however, he was interested, I am inclined to think him admissible, upon the same principle of necessity, which admits an agent, or servant, in the common course of his business; a porter, who has delivered goods for his employer; a cartman, who has delivered goods; a common carrier, **a factor**

or broker, even where he is to receive a per centage for his commission."

Such witnesses are admitted from necessity, because, from the nature of the case, it is exceedingly improble that any person, not interested, should possess any knowledge of the facts. Such necessity must be general in its nature, embracing a large and definite class of cases, and such as arise in the natural and usual course of human affair: 2 Stark. Ev. 753, 767–8, note 2.

As to the second point in this case, the refusal to give the instruction numbered (3) in the above statement, we think was very correctly passed upon by the court. That instruction was not calculated to assist the jury in forming a correct understanding of the case.

An imposition upon the credulity of the clerk, thereby inducing him to pay money which in justice to his employer, he should not have paid, however artfully or openly practiced, surely can afford no sufficient bar to the plaintiff's right of recovery in this action.

The other judges concurring, the judgment below is affirmed.