Mr. Justice Walker delivered the opinion of the Court. This was an action of assumpsit on a promissory note executed by the plaintiff in error to the Bank, to which they plead non assumpsit, and nul tiel corporation; on which pleas issues were formed, and a trial by jury, verdict and judgment for plaintiff in the court below. The errors assigned and which we are called upon to decide, arise out of the instructions given by the circuit court to the jury. As the propriety of giving or refusing the instructions given or refused, must depend upon the nature of the issue and the amount of evidence necessary to sustain it, these become preliminary considerations, and will first be determined. Under the general issue, the contract was the only subject of consideration, and the note was sufficient evidence to sustain the issue on the part of the plaintiff'. It is a question not altogether free from doubt whether mil iiel corporation should be plead in abatement or in bar of the action. For, although it relates to the disability of the plaintiff to sue, and in that respect partakes of the nature of abatement, yet as it is a. perpetual, not a temporary disability, it is in that respect like a plea in bar, and we are inclined to believe comes within that class of defences which Chitty says may be plead either in abatement or in bar. 1 Chilly Pl. 446. At all events, it was in this case treated as a defence in bar by the parties in the court below and will be so considered here. Unlike the case of Alderman and Council of Washington v. Finley, 5 Eng. 423, this suit was commenced by a foreign corporation, and its corporate existence and powers put directly in issue by special plea. As the court could not take judicial notice of the act of incorporation of a sister State, or that the Bank had gone into operation under it, it became necessary under this issue for the plaintiff to establish these facts by proof. The duly authenticated act of the General Assembly of Mississippi, read in evidence by the plaintiff-, was certainly sufficient evidence to prove the grant of corporate pow er and its extent, but not that it actually went into existence as a coaporation. To establish this latter fact, it was not necessary to show a compliance with the conditions of the charter under which it assumed to act, but that the corporation acted and transacted business as such, and for this purpose proof of one or more such acts was sufficient. The execution of the note in this instance by the defendants to the Bank as such corporation, which was the only evidence of user, was in our opinion sufficient to sustain the issue, so far as proof that the Bank went into operation was concerned. In support of this position, we find several decisions directly in point. In Kentucky, it has been held that by executing a note to a corporation, Ihe defendants wer'e estopped from denying its existence at that time. Jones v. Bank of Tennessee, 8 B. Mon. 123. 1 J. J. Marsh. 380. 6 B. Mon. 601. In New York, it has been held that transactions of business with a Bank by the defendant was an admission that it had capacity to transact business as a corporation. Bank United States v. Stevens, 15 Wend. 316. And in Alabama, where like issues were formed as in this case, the court in delivering- its opinion said, “The plea of nul tiel corporation did doubtless put in issue the corporate existence of the plaintiff. But the notes themselves being executed to the corporation by its corporate name, was an admission by the defendant of the fact and prima facie evidence of the charter of the company, and user under it.” Montgomery Rail Rood Company, use, &c., v. Hunt, 9 Ala. Rep. 516. From the view which we have taken of the issues and the evidence adduced to sustain it, we are of opinion that the only error committed by the circuit court in giving and refusing instructions to the jury, was in giving the last instruction given on the court’s own motion. The effect of that instruction was to withdraw from the jury the consideration of the issue of nul tiel corporation. The instruction was, that by executing the note in suit, the defendants could not deny the existence of the Bank. It is true that the Kentucky decisions would, under the rule of estop-pel, seem to sustain the circuit court to the full extent to which the instruction went; and even the Alabama courts give countenance to some extent to this rule, yet we cannot, in view of the decision in that case, taken all together, consider it a-. going that far. But allowing the execution of the note to be an estoppel, it is evident that the plaintiff should have replied setting it up. An estoppel cannot be taken by inference, but must be relied on in pleading. Co. Litt. 227, a 352. And Starkie says an estop-pel should be pleaded, and if not done, the court and jury are not bound by it: but the jury may find the matter according to the fact, and the court will give judgment, accordingly. 1 Stark. Ev. 303. There is but little doubt that the note was competent, though, perhaps, not conclusive evidence of user under the charter, and in connection with the other evidence, was no doubt, sufficient to warrant a verdict in favor of the plaintiff; but of the sufficiency of this evidence, the jury were the judges, and to tell the jury that a material fact in issue could not be denied, did in effect withdraw that fact from their consideration, or was an instruction that no proof was required upon it. In this there was error. Because, therefore, the court erred in giving this instruction, the judgment must be reversed, and the cause remanded, tobe proceeded in according to law.