Daniels, J.
The plaintiff, in this and seven other similar actions, claims to recover upon certain demands which have passed into his hands as the receiver of the assets of the Farmers’ & Citizens’ Mational Bank of Brooklyn.
*303 For the purpose of disclosing his right to maintain the actions in this capacity, he has alleged in the complaint, that the “bank was a corporation organized under and in pursuance of the provisions of an act of the Congress of the United States, entitled ‘ An Act to provide a national currency, secured by a pledge of United States bonds, and to provide for the circulation and redemption thereof, passed June 3, 1864, and the amendments thereof.’ ”
And that on September 5, 1867, Hiland R. Hulburd was the comptroller of the currency of the United States, and on that day duly appointed the plaintiff, a receiver of such bank, “in accordance with the provisions of the said act of Congress, and the amendments thereof, by and with the concurrence of the secretary of the treasury.”
That in accordance with the provisions of said acts, the plaintiff thereupon took possession of the books, records and assets of the said association, of every description, including the claim hereinafter mentioned.
That said claim passed, with the other assets of said bank, into the possession of the plaintiff, upon his appointment as receiver of said bank, and he is now the lawful owner and holder thereof.
The defendants severally demurred to the complaint, and they endeavor to sustain their demurrers on the ground that these allegations in the complaints are [insufficient to enable the plaintiff to maintain the actions as the receiver of the bank mentioned. Various reasons are assigned in support of this objection. The first in order as well as importance is, that this court has no power or authority to look at or consider the act of Congress referred to, because the plaintiff has failed to set out its provisions, under which his appointment was made, in the complaints. This position cannot be maintained, for the act in question is a general and public act of Congress, and as such, the courts of this State are bound to take notice of its provisions, even *304 though they are not set forth in the complaints. The general laws, constitutionally' enacted by Congress, constitute a portion of the laws which are obligatory upon, and are required to be observed by, the people of the States, and are paramount to the laws of the States themselves when in conflict with them, and as such, not only the people, but the courts also, are bound to take notice of them, without either allegations of .their provisions, or proof of their enactment. They differ in this respect from the laws of other States and countries, which form no part of the body of the laws required to be observed and enforced by the citizens and courts of this State.
For that reason, neither the courts nor the citizens are expected or presumed to know them; and when the laws of such States and countries are brought in controversy before the courts of this State, they are required to be proved and established as matters of fact, the same as any other material circumstance involved in the controversy.
But the laws of Congress are not only binding and obligatory upon the courts of the State, but beyond that, they are bound to maintain and carry them into effect, even though they may be directly opposed to the Constitution and laws adopted by the State.
And this duty can only be properly and completely performed by the State courts, when they take judicial notice of the laws themselves as laws, and not as facts, to be shown only by means of allegations and proofs.
That the State courts should take judicial notice of these laws is not only maintained by principle, but besides that, it is established by authority (Wright v. Patten, 10 Johns., 309; Canal Co. v. Railroad Co., 4 Gill & J., 1, 63; Owings v. Hull, 9 Pet., 625; 1 Greenl. on Ev., 12 ed., § 490). The case of United States Bank v. Stearns, 15 Wend., 314, does not conflict with this conclusion. For the court declined to notice the act in that. case, on the ground that it was the charter of a *305 bank, and as such, a private act simply. And the rule is well settled, that private acts are not judicially noticed, but tliey.must be alleged and proved, as other facts in the case are required to be.
The allegations contained in these complaints must be considered, therefore, in view of the provisions of the act of Congres enacted for the organization of banking associations.
This act provides that the comptroller of the currency not only may, but that it shall be his duty to, appoint receivers “for the associations formed under it, when either of the emergencies, mentioned in the act upon which the appointment is to be made, shall arise. And it falls within the province of that officer to decide and determine whether the emergency, on which the appointment is to be made, has arisen or not. And whenever he decides and determines that it has, and accordingly makes the appointment, that determination must, from the nature of the case, be conclusive upon the debtors of the association affected by it, even though it may not be so upon the association itself.
But in this case the association does not appear to question the proceeding taken against it by the comptroller of the ^ currency. On the contrary, it has so far concurred in the act as to permit the plaintiff, as its receiver, to acquire possession of all its assets, including the demands involved in these actions.
But the defendants insist that the appointment must - be shown to have been legally made before they can be compelled to make payment to him. As a legal proposition this is undoubtedly correct, bufas no particular steps or proceedings are required to precede the appointment by the act, unless it be such as are required to precede the determination of the comptroller to make it, none can be required to be alleged or proved.
The adjudication of the comptroller, either that the" association has permitted its capital to fall below the amount required by the law, or that it has failed to *306 keep its reserve of lawful money up to the amount required of it, or that it has failed to select and appoint a proper redemption agency, or improperly retained its own stocks acquired by the security or payment, of debts previously owing to it, or failed to redeem or pay its circulating notes on demand, is the only circumstance which the law requires to precede and warrant the appointment of the receiver; when he determines that a default in either of thqse respects has been made, then, without any further proceeding whatsoever, the receiver is to be appointed by hirfl.
The fact of appointment, therefore, so far as'the debtors of the association are concerned, when the association itself has yielded to it, as it has in this instance, is all that it can be strictly necessary to allege. That the emergency had arisen, and the adjudication establishing it, which the law requires to precede and authorize the appointment, had been made, is not required to be alleged or proved as between the receiver and the debtors of the association, further than the proof afforded of it by the act of appointment itself, followed by an acquisition of the assets of the association.
This is clearly all that is indispensably necessary, under the principle maintained by the authorities cited in support of the • demurrers. In Stewart Beebe, 28 Barb., 35, it was held to be sufficient for‘the complaint to show the mode in which the appointment was made.
And that is shown by the complaint in this action, by the allegation that it was made by the comptroller of the currency, in accordance with the provisions of the act of Congress referred to.
In Gillet v. Fairchild, 4 Den., 80, 83, it was substantially conceded that the declaration would have been sufficient if it had shown the appointment of the receiver to have been made by an order or decree of the court of chancery, and the time and place when the order or decree was made. And the rule, as it was de *307 dared in the case of White v. Joy, 13 N. Y. [3 Kern.], 83, 86, does not in reality require more than that.
The ° complaints in these actions would have been more artistic and complete if they had contained a direct averment, showing the precise cause ascertained by the comptroller, on account of which the appointment of the receiver was made.
Argumentatively, they do show that it was for one or more of the causes provided for by the statute. For it is averred that the appointment was made in accordance with the provisions contained in the act of Congress, which would not be true, unless it were for one or more of such causes.
This averment is certainly an informal one; but as long as it affirms the fact, though informally, the demurrer cannot be maintained because the fact has not been alleged.
As the complaint should be construed, therefore, it does in substance allege that the appointment itself was made by the comptroller, under the provisions of this act of Congress, for one or more of the causes empowering him to make it, and that the association which was affected by it has so far acquiesced in its legal propriety as to allow the appointee under it to acquire the possession of all its assets. Under these circumstances, no injustice can be done to the defendants; and no embarrassment will be occasioned to the1 practice of the courts by holding that the' receiver has shown a sufficient title to the demands in controversy to enable him to maintain these actions for the recovery of the amounts due upon them.
The defendants will be clearly exonerated from their liability, upon the payment of the amounts they are justly liable for to the plaintiff, and that is all that they have any legal right to demand. And as that is found tó be the case, they should not be permitted to defeat the purposes the law designed to accomplish by *308 the appointment of the receiver, "by the mere extension of a technical rule of practice.
' The rights of creditors require that the1 debtors should be compelled to pay the demands due to the association, wherever it can fairly be seen that they can do so with entire safety to themselves.
The objection that the receiver cannot maintain actions in this court for the recovery of the demands he may in that capacity have acquired title to, has no substantial foundation for its support.
The object intended to be accomplished by his Appointment, which was the collection of the debts due to the association, and the conversion of its assets and property into money, for the payment of the debts owing by it, would necessarily be of itself sufficient to confer upon him the incidental authority to bring and maintain actions at law and in equity, whenever that might be an appropriate means of contributing to that result, even if there were no direct authority to be found in the statute empowering him to do it. But the statute has not left this part of the receiver’s duties unprovided for.
It has expressly and explicity made it his duty to collect all the debts, dues and claims belonging to the association that may prove to be collectable (13 U. S. Stat. at L., 115, § 50), * which very clearly confers upon him the power‘to maintain such actions as may be required for the complete and efficient performance of this duty.
*309 The plaintiff must, therefore, have judgment upon the demurrers, with leave to the defendants to answer in twenty days, on payment of costs.
The defendants appealed to the court at general term, where the order was affirmed in May, 1870, no further opinion being written.

 The provision referred to is as follows:
§ 50.....“ Who, under the direction of the comptroller, shall take possession of the books, records and assets of every description, of such association; collect all dues and claims belonging to such association, and, upon the order of a court of competent jurisdiction, may sell. or compound all bad or doubtful debts...... And such receiver shall pay over all moneys so made to the treasurer of the United States, subject to the order of the comptroller-of the currency, and also make a report to the comptroller of the currency of all his acts and proceedings."