Eastern Plank Road Co. *v.* Vaughan.

---

## The Eastern Plank Road Company *vs.* Vaughan.

In an action by a plank road company, the plaintiffs, to establish their incorporation, proved that notice of opening the books of subscription as required by the laws of 1847 was properly given; that stock to the amount of over $500 per mile was subscribed to the original articles of association; that directors were elected, on due notice; that articles of association were subscribed, as required by the act, and indorsed by an affidavit of three directors, and duly filed in the office of the secretary of state; also that the plaintiffs had, under their organization constructed the road and put the same in operation. *Held* that the plaintiffs had proved themselves to be a corporation.

The defendant, among others, signed a paper by which the subscribers, for value received, promised to pay B. and W. $100 for each share by them subscribed for the purpose of building a certain plank road. And B. and W. were authorized to transfer the subscriptions to a company thereafter to be formed for the purpose of building said road. The defendant took one share. Subsequently articles of association were adopted and signed by subscribers for stock, to an amount exceeding the sum required by statute, without including the defendant; and the organization was completed by filing the articles of association, and the subscription signed by the defendant and others was transferred to the company by B. & W. and the defendant's name was subscribed to the books by them.

Eastern Plank Road Co. *v.* Vaughan.

*Held* 1. That the subscription of the defendant was legal, and binding upon him; as much so as if he had subscribed the articles of association with his own hand.

2. That the subscription was legally transferred to the plaintiffs; and that such transfer vested in them the title to such subscription, and the authority to collect and receive the moneys due or to become due under it.

3. That the promise of the defendant purporting to have been made for value received, this was *prima facie* sufficient evidence of a consideration to uphold the subscription.

4. That the agreement might be regarded as an offer or proposition on the part of the subscribers that, provided a company should be organized to construct the plank road mentioned, each would take the number of shares of capital stock, therein, by them subscribed, and the organization of such corporation as an acceptance of that offer or proposition. And that such promise could be enforced, because it induced others to enter into engagements, assume liabilities, and incur expense, on the faith of such proposition.

By the articles of association of a plank road company, executed in Sept. 1850, the subscribers promised to pay in their subscriptions as called for by the directors, not exceeding 25 per cent at any one time. On the 25th of March, 1851, a call of 13 per cent was made, payable April 15th, and calls of 15 per cent each, payable May 1st, May 15th, and June 1st; and on the 13th of June a call for the balance, 42 per cent, payable on the 1st of July, was made; notice of which calls was immediately given to the defendant.

*Held* 1. That calls in sums not exceeding 25 per cent payable at any one time, were necessary, by the terms of the defendant's agreement, before any liability thereon accrued.

2. That the 39th section of the plank road law of 1847 had no application to a common law action, brought to recover the amount of the calls; and that 30 days previous notice of the calls was not requisite to the defendant's liability in such action. That notice is necessary only where the cumulative remedy of forfeiture of the stock is sought.

3. That the call for the first four installments was a compliance, on the plaintiff's part, with the defendant's agreement to pay; but that the call for 42 per cent, being for a sum greater than he had contracted to pay at any one time, imposed no liability on him.

4. That the defendant had a right to waive the call for installments in sums not exceeding 25 per cent; and that no objection being raised, either in the answer, or on the trial, to the plaintiff's right to recover, on that ground, the right to object must be deemed to have been waived.

5. That it was not requisite that the 5 per cent should be paid on the defendant's subscription, to make it valid and binding upon him; the corporation being created without his stock.

The second section of the act of 1847 only requires five per cent to be paid in on the stock relied upon as a basis to create the corporation.

The forfeiture of stock, authorized by the 39th section of that act, in case of

non-payment of calls, is a cumulative remedy, and can only be pursued on a full compliance with the requirements of the act.

Where subscribers agree to pay the amount of their subscriptions, at such times and in such manner as shall be required by the board of directors, as soon as the board makes the requirement the obligations of the subscribers become operative, without the notice of 30 days mentioned in the 39th section of the plank road act.

That notice is to be regarded as preliminary only to a right to forfeit the stock.

THIS action was brought to recover an alleged subscription to the capital stock of the plaintiffs' corporation. The cause was tried in 1853, and judgment rendered for the plaintiffs for the full amount claimed. In January, 1850, the defendant and certain other persons subscribed the following paper: " We, the subscribers, for value received, promise to pay John H. Boyd and Isaac Wood, $100, for each share by us subscribed and set opposite our respective names, for the purpose of building a plank road from the Whitehall and Granville Turnpike to the road running north and south past the Methodist church; and that said Boyd and Wood shall have the right and we hereby authorize them to transfer our subscription to a company hereafter to be formed for the purpose of building said road." The defendant took one share. In September of the same year the articles of association were adopted and signed by subscribers for stock, to an amount exceeding the sum required by statute without including the defendant, and in November the organization was completed by filing the articles of association, properly verified, in the office of the secretary of state. By the articles of organization, the subscribers promise to pay in their subscriptions as called for by the directors, not exceeding 25 per cent at any one time. The subscription of January previous, signed by the defendant and others, was transferred to the plaintiffs by Boyd and Wood. After the organization and transfer of subscription, the corporation completed the road and the same is now in operation. On the 25th of March, 1851, a call for payment on the subscriptions to stock was made, of 13 per cent, payable April 15th, and further payments of 15 per cent each, payable May 1st, May 15th, and June 1st; and on the 13th of June a call for the balance was made, pay-

able on the 1st of July. Notice of those calls was immediately given to the defendant, and a personal demand made for his subscription, which was refused. There was no proof of the payment of five per cent at the time of the subscription, or at any other time.

*Joseph Potter*, for the plaintiffs.

*Robert Doig*, for the defendant.

*By the Court*, JAMES, J. The defendant insists that the judgment entered in this action is erroneous, and that the same should be set aside and a new trial granted. 1st. Because the plaintiffs did not prove themselves a corporation ; 2d. Because the alleged subscription was void ; 3d. Because the alleged subscription was never legally transferred ; 4th. Because there was never any valid call for the subscription ; and, 5th. Because the complaint is on an absolute subscription for stock, while the contract shows an executory agreement to take stock.

To establish the plaintiffs' incorporation the proof showed that notice of opening the books of subscription, as required by the laws of 1847, was properly given ; that stock to over $500 per mile was subscribed to the original articles of association ; the election of directors on due notice ; articles of association, subscribed as required by the act, indorsed by an affidavit of three directors, and duly filed in the secretary of state's office. The justice who tried the cause also found, as a question of fact, that the plaintiffs, under their organization, had constructed the road, and put the same in operation, which would constitute them a corporation *de facto*, if not *de jure*, as to the defendant and all third parties. (*McFarlan* v. *The Triton Ins. Co.*, 4 *Denio*, 395. *Utica Ins. Co.* v. *Tilman*, 1 *Wend.* 555. *Fire Department* v. *Kip*, 10 *Wend.* 266. *U. S. Bank* v. *Stearns*, 15 *Wend.* 314.) Either view is a complete answer to the defendant's first objection.

As I understand the proof, the original subscription of the defendant was delivered to the plaintiffs, and the defendant's

name subscribed to the books by Boyd and Wood. If Boyd and Wood were the lawfully appointed agents of the defendant for the latter purpose, and the subscription would seem to confer that power, then such subscription in the books of the corporation is binding and obligatory upon the defendant, and he is a stockholder of the corporation to all intents and purposes, and is as much bound as though he had subscribed the articles of association with his own hand. But, whether or not Boyd and Wood were authorized to sign the defendant's name to the articles of association, they were fully authorized to transfer to the plaintiffs the subscription of January, 1850, which they did ; and such transfer vested in the plaintiffs the title to such subscription, and the authority to collect and receive the moneys due, or to become due under it. Such transfer need not be evidenced by writing ; a parol assignment, accompanied by a delivery of the instrument, is sufficient. (*Prescott* v. *Hull*, 17 *John. Rep.* 285.)

But, the principal question is, whether this subscription was void for want of consideration. The defendant insists that it was, and relies upon the case of *The Trustees of Hamilton College* v. *Stewart*, (1 *Com.* 582.) The substance of that case, as appears from the opinion of Judge Gardiner, who pronounced the decision of the court, was, that the agreement upon which the action was brought, contained no undertaking on the part of the corporation, its trustees, or agents, as a consideration for the defendant's promise ; it expressed no consideration, and was, therefore, without mutuality, or consideration, to uphold it ; that the agreement contained no express request to the plaintiffs, their agents, or others, to perform any services, in consideration of which the defendant promised to pay his subscription, nor could any request be implied from the beneficial nature of the service, or the object to be obtained. But it was conceded by the learned judge, that had the agreement furnished evidence of a request by the defendant to the plaintiffs to perform services, in consideration of which he promised to pay his subscription, the right of the plaintiffs to the money would have been unquestionable.

The agreement in this case is unlike the one in *Hamilton*

*College* v. *Stewart.* The promise here purports to have been made for value received; and although an attempt was made on the trial to prove the admission untrue in fact, the evidence was insufficient for that purpose, and the admission stands uncontradicted. This was *prima facie,* sufficient evidence of a consideration to uphold the subscription. ( *Watson's Executors* v. *McLaren,* 19 *Wend.* 557. *Douglass* v. *Howland,* 24 *id.* 55. *Brewster* v. *Silence,* 4 *Selden,* 207.)

But I am not disposed to rest this branch of the case upon that ground alone. The agreement may be regarded as an offer or proposition, on the part of the defendant and others, that, providing a company should be organized to construct the plank road mentioned in said agreement, each would take the number of shares of capital stock therein by them subscribed, and the organization of such corporation, an acceptance of that offer or proposition. If I am right in this, such promise is susceptible of being enforced, because it induced others to enter into engagements, assume liabilities and incur expense on the faith of such proposition. (*Story on Contr.* § 453. 12 *Mass. Rep.* 190. 14 *id.* 172. 6 *Pick.* 433.)

The motives and purposes which led to this agreement are quite apparent. Boyd, Wood, the defendant, and other parties to the instrument, desired the construction of a certain plank road. To accomplish that object it was desirable to create a plank road corporation; and this agreement was executed by the parties thereto agreeing to take so many shares of stock in any company thereafter to be formed for the purpose therein mentioned, as each should set opposite his name, and empowering Boyd and Wood to transfer the same to such corporation when created. Here was an implied, if not an express request to Boyd and others to set themselves to work to create such a corporation; they did so; labor was performed, expense incurred, and obligations assumed; the corporation created and the subscription transferred. This brings the case directly within the principle recognized by Judge Gardiner in *Hamilton College* v. *Stewart,* and which is more fully recognized in

Eastern Plank Road Co. *v.* Vaughan.

*Barnes* v. *Perine*, (9 *Barb.* 202,) and since affirmed by this court and the court of appeals. (15 *Barb.* 249.)

It was not requisite that the five per cent should be paid on the defendant's subscription to make it valid and binding upon him. The corporation was created, without this stock. The second section of the act of 1847 only requires five per cent to be paid in on the stock relied upon as a basis to create the corporation.

By the articles of association it is provided that " the capital stock shall be called in at such times and in such manner as may from time to time be determined by the board of directors ;" and in the 13th article the subscribers agree to pay to the association the sum of $100 for each share subscribed, in the manner specified in the articles of association, not exceeding 25 per cent at any one time. On the facts, the case stands thus : the defendant agreed to pay his subscription of $100, in sums not exceeding $25 each, at such times as should be determined on by the board of directors ; and they determined that $13 should be paid on the 15th of April ; $15 on the 1st May ; $15 on the 15th May ; $15 on the 1st of June ; and $42 on the 1st of July, 1851 ; of which determination the defendant had immediate notice. Unless there is some law to modify or change the effect of the agreement, the defendant was bound to pay the first four calls, amounting to $58. But the defendant insists that by virtue of the 39th section of the general plank road law of 1847, he was entitled to thirty days' notice of the payments required by the board of directors, before he was bound to pay ; and that such notice was not given and could not be given as to the $13 on the 15th of April, and the $42 on the 1st of July, because thirty days did not elapse between the calls and days of payment. That such a notice was necessary before the defendant's stock could be forfeited, is clear ; but the present is a common law action for the amount of the subscription, under the defendant's agreement to pay $100. The forfeiture authorized by statute (§ 39) is a cumulative remedy, and can only be pursued on a full compliance with the requirements of the act by which it is given. In the case of the *Troy and Boston Rail Road*

*Co.* v. *Tibbits*, (18 *Barb.* 297, 300,) Justice Wright remarks, that " it seems to be well settled that the obligation of actual payment is created by a subscription to a capital stock, unless plainly excluded by the terms of the subscription." In this case the agreement was to pay $100 as required by the board of directors, in sums not exceeding $25 at any one time. The board made the requirement, and the obligation of the defendant became operative, without the notice of thirty days mentioned in the 39th section of the plank road act, which notice must be regarded as preliminary only to a right to forfeit the stock. (*The N. R. R. Co.* v. *Miller*, (10 *Barb.* 260, 270, 271.) In the *Goshen and Minisink Turnp. Co.* v. *Hurtin*, (9 *John.* 217,) the action was on a promissory note by which the defendant promised to pay " in such manner and proportions and at such time and place, as the said plaintiff should from time to time require." The court remarked that the note was payable absolutely, not depending on any contingency ; and there was also, in that case, a provision for forfeiture, as in this case. Several of the cases cited in the *Northern R. R. Co.* v. *Miller*, (*supra*,) bear on the question under discussion ; although in most of them the point was whether the common law remedy was retained in those cases where the statute provided for a forfeiture. In the *Schenectady and Saratoga Plank Road Co.* v. *Thatcher*, (1 *Kernan*, 102,) Justice Johnson, in delivering the opinion of the court, assumes the necessity of notice to the subscriber before action for the subscription ; but the point determined by the learned judge was that the evidence in that case established the fact that notice was given. It does not appear that this question was considered by the court; and until we have a decision from the court, directly on the point, it should not be assumed that that court intended to reverse or disregard a long list of well considered cases. The dictum in *Small* v. *The Herkimer Man. Co.*, (2 *Com.* 330,) if entitled to weight, concludes this question. In that case Small agreed to pay " at such times and in such proportions as the same shall be required by the said directors." Justice Gardiner, at page 335, remarks, " I agree with that learned court that the plaintiffs had a remedy

Eastern Plank Road Co. *v.* Vaughan.

by action; that the debt of the defendant, created by his sub-scription, was entire; the calls made by the company merely ascertaining the amount and the times when the installments of the debt should be paid." See also the opinion of Justice Jewett, who dissented in this case, but on a point distinct from this under consideration. The case in 1 *Kernan* cannot be regarded as an authority in the defendant's favor.

In my judgment the defendant was liable on the first of the four calls of the board of directors, without the notice mentioned in section 39 of the act. There can be no question as to the 2d, 3d and 4th calls, as for those 30 days' notice was given.

As to the call of June 13, of 42 per cent, a question remains. Although the defendant was not entitled to 30 days' notice, still his promise to pay was not absolute. He did not agree to pay at once, but in sums not exceeding twenty per cent at any one time, and at such times as should be determined by the board of directors. Action by the board was preliminary and was a condition precedent to his obligation to pay; that action was the call for payment; and in this respect the case differs from the *Goshen and Minisink Turnp. Co.* v. *Hurtin*, (*supra*,) where the promise was to pay as the company should require; which made the debt due on demand, and the action was a demand. This call was made, but it was for a sum exceeding the amount which they had a right to demand at any one time, and there-fore no liability was created by the call, and the defendant was not bound to pay, if that was all there was in the case. But the defendant put himself upon no such ground, either in his answer or upon the trial; and must therefore be deemed to have waived that point. (*Potter* v. *Deyo*, 19 *Wend.* 361. *Gillett* v. *Campbell*, 1 *Denio*, 520. *Jencks* v. *Smith*, 1 *Comst.* 90, *and cases there cited.*) If the objection had been made at the trial, the plaintiffs might have obviated it, by proving calls covering the entire subscription for sums not exceeding 25 per cent each.

I am also of the opinion that the complaint is properly drawn, but admitting that it alone counted upon an absolute subscrip-tion, in one view I have taken of this case, such counting would be proper.

Eastern Plank Road Co. *v.* Vanghan.

Upon the whole case I have arrived at the following conclusions:

1. That the plaintiffs proved themselves a corporation.

2. That the alleged subscription was legal and binding.

3. That such subscription was legally transferred to the plaintiffs.

4. That calls in sums not exceeding 25 per cent payable at any one time, were necessary, by the terms of the defendant's agreement, before any liability thereon accrued.

5. That this being a common law action, 30 days' previous notice of the calls was not requisite to the defendant's liability; in other words, the 39th section of the plank road law of 1847 has no application to this action.

6. That the call for the first four installments was a compliance on the plaintiffs' part with the defendant's agreement to pay; but that the call for 42 per cent, being for a sum greater than he had contracted to pay at any one time, imposed no liabllity on him.

7. That the defendant had a right to waive the call, for installments in sums of not exceeding 25 per cent; and that no objection being raised either in the answer or on the trial to the plaintiff's right to recover, on that ground, that objection must now be deemed to have been waived.

Judgment affirmed.

[Essex General Term, July 2, 1855. *C. L. Allen, Bockes* and *James,* Justices.]