Richardson *v.* Mead.

RICHARDSON *vs.* MEAD.

It is not necessary for the assignee of a thing in action, or contract, to prove that he paid, or agreed to pay, a consideration for it, to entitle him to maintain an action thereon, in his own name, if he shows that he holds it, and is the real party in interest.

A gratuitous assignment, if good on its face, is sufficient; for it passes the title, as between the parties. .

An assignment of an account, for work and labor, indorsed on the back thereof, by which the owner sells and transfers the same to another, is valid, although no consideration is expressed. And the assignee may recover thereon, in his own name, without proving the payment of any consideration.

THIS action was brought in a court held by a justice of the peace, where the plaintiff recovered a judgment against the defendant for $35.38 damages, besides costs. The cause of action was a claim in favor of Philo Wetherby against the defendant, for work of the former, which he had performed for the defendant: and which claim the plaintiff alleged Wetherby had assigned to him. The claim, as presented to the justice, was in the form of an account; and on the back thereof was

an assignment of it to the plaintiff in these words and figures, to wit: " Oct. 13, 1856. This day, at 8 o'clock in the morning, I sell and transfer this account to William Richardson against David Mead. (Signed) PHILO WETHERBY.

Witness, Austin Richardson."

The defendant objected to the sufficiency of the assignment of the claim for the work, on the ground that there was no consideration expressed in it. The justice overruled the objection; and upon the evidence in the case showing that Wetherby performed the work for the defendant, mentioned in the account, rendered the above mentioned judgment. Philo Wetherby was examined, as a witness for the plaintiff, to prove that he did the work specified in the account, and to establish the price that the defendant agreed to pay him therefor. But he was not questioned as to whether there was any consideration for the assignment of the account by him to the plaintiff. Whether the plaintiff had title to the claim in dispute, so that he could recover on it, was the only material question for the consideration of the court, in the case. The Otsego county court held that the assignment of the account, by Wetherby to the plaintiff, was void, for the reason that it was without consideration; and reversed the judgment of the justice. The plaintiff appealed from the judgment of the county court to this court.

*L. L. Bundy,* for the plaintiff.

*R. M. Townsend,* for the defendant.

*By the Court,* BALCOM, J. If the defendant had paid to the plaintiff the claim for Wetherby's work, without suit, the latter could not have recovered it again, of the defendant, upon proof that the assignment of it to the plaintiff was without consideration. The assignment establishes the fact that Wetherby desired the defendant should pay the plaintiff for the work; and if he had paid the claim therefor, the law would declare that he had done so at Wetherby's request.

There can be no doubt, if Wetherby had only promised the plaintiff that he would transfer the claim to him, that the plaintiff would have been obliged to aver and prove a consideration for the promise, in order to recover, in an action against Wetherby, for a refusal to transfer it. (*See Barnes* v. *Perine,* 15 *Barb.* 249.) But the transfer of the claim was executed. Wetherby had done all that he had agreed to do with it; and the plaintiff was in possession of a statement of it, and of evidence that he received it lawfully. And where a contract has been executed, it is not always necessary for a party, who claims the benefit of it, to show that there was a consideration for it. (*Robertson* v. *Gardner,* 11 *Pick.* 146.)

It is never necessary for the assignee of a thing in action or contract to prove that he paid or agreed to pay a consideration for it, to entitle him to maintain an action thereon, in his own name, if he shows that he holds it, and is the real party in interest. (*Code,* § 111.) A gratuitous assignment, if good on its face, is sufficient; for it passes the title, as between the parties. (*Arthur* v. *Brooks,* 14 *Barb.* 533.)

Now the real question in this case is whether it was necessary for the plaintiff to prove that he paid a consideration for the claim, for Wetherby's work. He clearly might have done this, if there was any consideration for the assignment, notwithstanding its language. (*Barnes* v. *Perine, supra.*) The assignment states that Wetherby sold and transferred the claim to the plaintiff, at 8 o'clock in the morning of the 13th day of October, 1856; and I think we should not presume that he gave the claim to the plaintiff, or that the assignment was without consideration; but rather that Wetherby sold it to the plaintiff for a valuable consideration, paid or agreed to be paid therefor. (*See* 2 *Cowen's Tr.* 47, 2*d ed.*)

I am of the opinion the assignment of the claim by Wetherby to the plaintiff, in the form it was, established the fact that the plaintiff owned the claim; and that he was entitled to recover.

There being no other question in the case, worthy of notice, I think the judgment of the county court should be reversed, and that of the justice affirmed, with costs.

Decision accordingly.

[CHEMUNG GENERAL TERM, May 11, 1858. *Gray, Mason, Balcom* and *Campbell*, Justices.]