## KELLY *v.* CAMPBELL.

### December, 1863.

Except as against creditors, a gift of personal property by a husband to his wife, is valid without the aid of the Married Woman's Acts.

Declarations made by a husband at the time of giving his wife money, as to the purpose for which he gave it, and declarations as to the person for whom he was acting when he received a bill of sale made to his wife,—*Held*, competent testimony in favor of the wife. as part of the *res gestæ.*

Catharine Kelly (for whom, on her death pending the action, David, her husband and administrator, was substituted as plaintiff), sued Anthony F. Campbell, in the supreme court, to recover the value of certain personal property taken by defendant as sheriff of Kings county, under an execution against Charles H. Jones.

On the trial it appeared that the plaintiff was a married woman, and claimed the property by virtue of a bill of sale from Jones, made before the execution was levied. The bill of sale was dated February 5, 1861, and delivered to plaintiff's husband, who stated at the time that he was acting for his wife. The consideration of the sale was the surrender of various notes payable to order, made by Jones to the plaintiff;

the notes having been given for money borrowed by Jones of plaintiff during a period of years. To prove that the money so advanced was her separate property, the plaintiff then called her daughter, who testified (under exceptions) that she had frequently heard her father tell plaintiff to do as she pleased with what he had given her, or what she had earned; that the money so received or earned, the plaintiff always kept herself, and deposited in bank.

The court charged the jury that the bill of sale conveyed to the plaintiff the title to the property sought to be recovered as between Jones and her husband, and authorized her to maintain the action for her separate property; to which the defendant excepted.

The counsel for the defendant then requested the judge to charge, 1. That the agreement between the husband and wife (if the evidence amounted to an agreement) was void. 2. That the money loaned to Jones by Mrs. Kelly was not proved to be her separate property.

The judge refused, and defendant excepted.

The jury found for the plaintiff, and judgment was ordered.

*The supreme court*, at general term, affirmed the judgment, on the ground that the question of the wife's separate property could not be raised by one who was a mere trespasser, and not a creditor of the husband.

The defendant appealed to this court.

*John H. Reynolds*, for defendant, appellant.

*John K. Porter* and *John Dikeman*, for plaintiff, respondent.

BALCOM, J.—The bill of sale of the goods, from Jones to Mrs. Kelly, was dated and executed February 5, 1861. Her coverture did not then prevent her from purchasing the goods and going into trade as a shoe merchant. *L.* 1860, p. 157, §§ 1, 2.

The action for the conversion of the goods by the defendant was properly brought in her name. *L.* 1860, p. 158, § 7; as amended by *L.* 1862, p. 344, § 7; *Code of Pro.* §§ 111, 114.

The bill of sale itself authorized Mrs. Kelly to maintain the

action in her own name, unless it was impeached for fraud. 27 *Barb.* 178; 32 *Id.* 293; 14 *N. Y.* 555.

The notes surrendered, as the consideration for the bill of sale, were payable to Mrs. Kelly or order, and the presumption was that they were given for a consideration moving from her, and were her separate property. But it was competent for her to prove by her daughter, Catherine D. Jones, that her husband gave her money from time to time, and told her to do with it as she pleased; and that she kept the money, so received, herself, and deposited it in a bank. This evidence tended to establish that the money she loaned to Jones for the notes was her own, and not her husband's.

A gift by a husband to a wife will be upheld, when the rights of creditors are not in question, without the aid of the statutes of 1848 or 1849, 1860 or 1862. 17 *Johns.* 548; 3 *Edw. Ch.* 92; 2 *Kent Com.* 9 ed. 155; Borst *v.* Spelman, 4 *N. Y.* 284; 7 *Johns. Ch.* 57; 3 *Paige,* 440; 4 *Barb.* 546; 8 *Paige,* 161; 3 *Bradf.* 7; 24 *N. Y.* 623; 2 *Bosw.* 92; 2 *Md. Ch. Decis.* 353; 5 *Penn.* 154; 29 *Id.* 43; 3 *Cush.* 191; 6 *Id.* 20.

The husband of Mrs. Kelly acted as her agent in taking the bill of sale, and would be estopped from claiming the goods as his own.

The court, therefore, properly charged the jury, that the bill of sale conveyed to Mrs. Kelly the title to the goods, as between Jones and her husband, and authorized her to maintain the action for her separate property.

The foregoing views also show that the court rightfully refused to charge the jury as requested by the defendant's counsel.

The whole charge is not set out in the case, and we must presume that the question of fraud was properly submitted to the jury.

Whether the verdict was against evidence is not within the province of this court to determine. The decision of the supreme court, that it was not against evidence, is conclusive upon the defendant.

What Mr. Kelly said when he gave his wife money, and also what he said as to the person for whom he was acting when he took the bill of sale—*i. e.,* that he was acting as agent for his wife, was *res gestæ,* and therefore competent evidence for his

wife. 23 *N. Y.* 502; 1 *Greenl. on Ev.* § 108; *Cow. & H. Notes,* 592 to 606; 1 *Den.* 141; 9 *Barb.* 271; 29 *Id.* 290.

For these reasons, I am of the opinion that the judgment of the supreme court should be affirmed, with costs.

All the judges concurred.

DAVIES, J., also read an opinion in favor of affirming the judgment.

Judgment affirmed, with costs.