## WILLIAM MOORE v. JOHN G. WADDLE.

PLEADING—CONSIDERATION OF PROMISE IN SIMPLE CONTRACT.—The law of pleading requires the complaint on a simple contract to state the particular consideration for the defendant's promise declared on.

IDEM.—This rule has its exceptions, as in cases of bills of exchange and promissory notes, where the consideration is implied.

PLEADING— CONSIDERATION OF PROMISE IN SPECIALTY.— In declaring on a specialty, the general rule is that no consideration need be alleged, except when the performance of the consideration is a condition precedent.

ASSIGNMENT OF CONTRACT UNDER SEAL. — An instrument under seal may be assigned by writing without seal.

IDEM—PLEADING CONTRACT.—Where, in an action for the breach of a contract in writing, under seal, made between defendant and G., and G. assigned the contract to plaintiff by a writing indorsed thereon, not under seal, and not expressing the consideration for said assignment, of all which the defendant had due notice, but the complaint alleged said assignment to have been made for a valuable consideration : held, that this was sufficient to show that the interest of G. in the contract passed to plaintiff, and authorized him to maintain an action thereon in his own name.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

S. & G. E. Williams, for Appellant.

[No brief on file for Respondent.]

The facts are sufficiently stated in the opinion of the Court.

19

By the Court, Currey, C. J. :

By the complaint it appears that the defendant and one Grist entered into a contract under seal, on the 13th day of February, 1865, by which the former agreed to deliver to the latter, or upon his order, twenty tons of hay at a designated place in El Dorado County, on or before the first of April then next. On the 14th of February, Grist assigned his interest in the contract to the plaintiff by an indorsement in writing thereon, and thereby authorized the defendant to deliver the hay to the plaintiff or his agent on or before the first of said April. The hay was called for and demanded on the part of the plaintiff, of the defendant, before the first of April, and also on that day. The defendant was at the time informed of the assignment, and being so informed refused to deliver the hay as requested, or any part of it, and from thence to the bringing this action, continued to refuse compliance with the demands mentioned. The plaintiff alleged in his complaint that the hay was worth sixty-four dollars a ton, amounting in the aggregate to twelve hundred and eighty dollars, and that by reason of the defendant's failure and refusal to deliver the property to him in pursuance of the contract he had sustained damage in the sum last named, for which he demanded judgment.

The defendant craved oyer of the contract in writing, a copy of which was furnished him, and with it a copy of the assignment to the plaintiff was furnished also. The contract is sufficiently well described in the complaint. The assignment by Grist to the plaintiff is dated the 14th of February and is in these words : " This is to certify that I have sold to Wm. Moore the above named hay, all my right, title or interest in the same, and hereby authorize John Waddle to deliver to him or his agent, the above named twenty tons of hay, when called for, on or before the first day of April next."

The contract and assignment being thus produced and furnished to the defendant, he demurred to the complaint

on the ground that it did not state facts sufficient to consti-
tute a cause of action, and then specified wherein it was
insufficient. The Court sustained the demurrer, and there-
upon judgment final was rendered against the plaintiff, from
which he has appealed.

The points specified on the part of the defendant in sup-
port of the ground of demurrer assigned, are that the com-
plaint does not set forth what was the consideration for the
agreement or contract of the defendant, nor what was the
consideration for the assignment.

I. It is averred in the complaint that the defendant prom-
ised and agreed to deliver the hay, and that this promise
and agreement was for a valuable consideration, but what
was the consideration does not appear. The law of pleading
requires the complaint or declaration on a simple contract to
state the consideration for the defendant's promise, and the
particular consideration in support of the promise must be
stated. This is essential that it may appear that the con-
sideration was legally sufficient to support the promise, for
the breach of which the action is brought. (1 Chitty Plead.
293 ; 1 Saund. Pl. & Ev. 405 ; *Lansing* v. *McKillip*, 3 Carnes,
286 ; *Burnet* v. *Bisco*, 4 John. 235 ; *Bailey* v. *Freeman*, 4
John. 280.) The rule to which we have adverted has its
exceptions, as where the consideration for the promise is
implied, as in cases of bills of exchange and promissory
notes. (1 Chitty Pl. 293.) In declaring on a specialty the
general rule is that no consideration need be alleged, unless
where the performance of the consideration is a condition
precedent, (1 Saund. Pl. & Ev. 405 ; Chitty Pl. 363,) and the
reason of the rule is that an instrument, under the hand and
seal of the party sought to be charged, imports a considera-
tion. The complaint in this case is upon a sealed instru-
ment, and therefore the objection raised to it by the
demurrer is untenable.

II. It is not alleged by the complaint that the assignment
pleaded was under the hand and seal of the assignor, and

the demurrer raised the objection that the complaint failed to show what was the consideration for the assignment.

The complaint contains an averment that "the said hay being undelivered to said Grist, by said Waddle, the said Grist did, on the 14th of February, 1865, in writing indorsed on said written contract, sell, transfer, assign and deliver the same to the plaintiff, for a valuable consideration, and authorize said defendant to deliver said twenty tons of hay to plaintiff or his agent, when called for, on or before the first day of April, 1865."

The inquiry suggested by the objection made by the demurrer in respect to the assignment is, to whom belongs the *chose in action* alleged to have been assigned by Grist to the plaintiff? The fourth section of the Practice Act requires every action to be prosecuted in the name of the real party in interest, except otherwise provided in subsequent portions of the Act. The contract and the benefit to arise from its performance on the part of defendant was a proper subject for assignment, and the contract, if duly and legally made, invested the plaintiff with the right to require its fulfillment by the defendant, by which the plaintiff would become the owner of the hay as soon as delivered. The complaint sets forth that Grist, to whom the promise of the defendant was made, did, for a valuable consideration, sell, transfer, assign and deliver to the plaintiff the contract, and did also authorize the defendant to deliver to the plaintiff the hay. In *Dawson* v. *Coles*, 16 John. 51, it was held that an instrument under seal might be assigned by writing without seal, and such at this day is the settled doctrine of the law. By the sale, assignment and delivery of the contract, accompanied with the authority to the defendant to deliver the hay to the plaintiff, not only did the assignor's title and interest pass, but the right which he has to require a delivery of the hay also passed to plaintiff, and upon the defendant's refusal to deliver the property a right of action accrued to the plaintiff for the breach of the contract. The plaintiff having become vested with the title to the *chose in action*

assigned to him, it is unimportant in this action to inquire whether he obtained such title by purchase or by gift. If he was not bound to establish the fact that the assignment was for a particular consideration, it was not necessary for him to allege a particular consideration therefor in his complaint. In *Richardson* v. *Mead*, 27 Barb. 178, an assignment of an account for work and labor, indorsed on the back of the account, by which the owner of it sold and conveyed the same to the plaintiff, was held to be valid, although no consideration was expressed for the assignment; and it was further held that the assignee might recover the demand in his own name without proving the payment of any consideration for the assignment. The cases of *Clark* v. *Downing*, 1 E. D. Smith, 406, and *Beach* v. *Raymond*, 2 Id. 500, accord in principle with *Richardson* v. *Mead*. If the plaintiff paid or agreed to pay, or rendered or agreed to render, any consideration for the sale and assignment made to him by Grist, it is not a matter of any moment to ascertain, in this action, which, or whether the consideration was paid or rendered or not. Had the defendant delivered the hay when the same was demanded, he could not have been rendered liable for it again to the plaintiff's assignee. If he shall be required to pay the value of the hay in damage to the plaintiff, he will have no need to fear an action on the part of Grist for the same property, or on account of an omission to deliver it to him.

The judgment must be and is hereby reversed and the cause remanded for further proceedings.