ALBANY,
Oct. 1828.

Utica Ins. Co.
v.
Tillman.

## Utica Insurance Company vs. Tilman.

This was an action of assumpsit against the maker of two promissory notes; one for the sum of $800, and the other for the sum of $2000; the first payable in 30, the second in 60 days after date. The defence set up at the trial, and urged on the argument of the case, was usury, the evidence in relation to which was as follows: A witness for the defendant testified, that he had examined the account of the defendant in the books of the plaintiffs; that, from that account, it appeared that the interest taken by the plaintiffs on the $800 dollar note, was $5,13, and on the $2000 note, $24,50; that the true legal interest on the former was $5,06, and on the latter, $24,16. A witness called by the plaintiffs, testified that he was the secretary of the company, from its incorporation until after the notes in question were discount-

Interest calculated and received upon a note, upon the principle of 360 days being a year, is usurious, and renders the note void. A corporation is sufficiently proved by the production of an exemplified copy of the act of incorporation, and evidence of user under it.

ed ; that it was the general rule of the company in casting interest, to call 30 days the 12th of a year : and that they usually took the interest in advance, at the rate of 7 per cent. for 360 days, and in the same ratio for a greater or less time ; that he never knew this rule departed from, except on notes payable with interest ; that he, however, did not attend to the calculation of interest, that being the business of the clerks, nor did he know the amount of interest received on these notes ; that he once showed a clerk in the office, whose business it was to compute the interest on notes, a convenient mode of casting it, by calling 30 days the 12th part of a year ; but that neither the board of directors nor himself ever directed the clerks to compute interest in that nanner.

On the trial of the cause, an exemplified copy of the act of incorporation of the Utica Insurance Company was produced ; and it was proved, that shortly after the passage of the act, and at all times since, the company had an office in Utica, where the business of insurance had been carried on in their name, and that the affairs of the company had been managed by directors who had been chosen for that purpose from time to time. This evidence was objected to as insufficient to prove the plaintiffs a corporation, and the objection was overruled. A verdict was taken by consent for the plaintiffs for $806 17, a balance claimed by them, subject to the opinion of this court.

*S. Beardsley* & *W. H. Maynard,* for plaintiffs.

*G. C. Bronson,* for defendant.

*By the Court,* SUTHERLAND, J. The principal question raised upon the argument of this case was, whether the evidence was sufficient to show that the notes were usurious on the ground of the interest having been calculated and retained upon the principle of 360 days being a year. It was sufficient *prima facie* to establish the usury. In the first place, the fact that more than seven per cent. was taken was proved ; and to repel any presumption which might be indulged that it was taken unintentionally or by mistake, the uniform custom of the company to compute interest upon a principle

which would give more than seven per cent. was shown. In the *Bank of Utica* v. *Hillard*, (5 *Cowen*, 153,) the fact of more than seven per cent. having been taken was not shown; but it was contended, that that was to be inferred from the uniform custom of the bank to compute interest on principles which would give more, and that it was competent to prove such custom for such purpose. We held that it was not. The fact of the plaintiffs being a corporation was sufficiently proved.

<div align="right">

ALBANY,
Oct. 1828.

</div>

<div align="center">

Judgment for defendant.