Mr. Justice "Wheeler
delivered tlie opinion of the court, Mr. Justice Lipsoomb not sitting, having been of counsel in the court below.
*533 This suit was brought by the appellants in the name of “ The president and directors of the Bank of the State of Alabama,” upon a promissory note set out in the petition and payable to the plaintiffs by that name.
That part of the petition which purports to state the names of the plaintiffs is in these words:
“The petition of the president and directors of the Bank of the State of Alabama would make known to your honor that "William Simonton, a citizen of said county, is justly indebted to them,” etc.
There is no averment that the plaintiffs are a corporation, and no allegation whatever respecting the capacity or character in which they sue.
The defendant excepted to the legal sufficiency of the petition, assigning the following causes of exception:
“ 1. The petition does not show that the said supposed president and directors were authorized by any act of incorporation to siLe in their corporate capacity.
“ 2. A foreign corporation has not the right to sue in the courts-of this republic.”
Other causes were assigned which seem to have been subsequently abandoned.
The court gave judgment for the defendant upon his exceptions to the petition, and the plaintiffs appealed.
At the last term of this court the defendant moved to dismiss the appeal upon the ground that it did not appear that any final judgment had been rendered in the ease.
The plaintiff thereupon suggested a diminution of the record, and moved for a certiorari, which was granted upon terms.
The transcript now presented, in obedience to the certiorari, contains the final judgment of the court, since entered, without objection, as of the term at which it was pronounced. At the present term the defendant renews the motion to dismiss upon grounds not before taken, of which but one has arisen since the filing of the first motion, and that is, that the plaintiff did not comply with the terms upon which the c&rtiorari was awarded.
*534 The first question presented for our consideration arises-upon this motion to dismiss the appeal.
The certiorari issued, and has brought up a complete record, and whether with or without a compliance with the terms-prescribed cannot now be material, since it has performed its-office and is now functus officio. The several other grounds of the present motion existed, were as apparent, and could as well have been taken in the first instance as at so late a period. We are of opinion that they came too late, especially when it is apparent that their effect, if allowed, would be to preclude the plaintiff from the benefit of a writ of error. Exceptions to the form and manner of prosecuting an appeal ought all to be taken at once and in the first instance. We are of opinion-that the motion ought not to prevail.
It remains to inquire whether there be error in the judgment of the court upon the exceptions to the petition.
In support of the judgment two grounds have been relied on.
1st. That a foreign corporation cannot maintain an action in our courts.
2d. That the 'names of the plaintiffs are not sufficiently stated; or, that if a corporation, they ought to have set forth, in their petition by appropriate averments that they had been-duly incorporated.
1. The first question here presented was decided in England in the case of Henriques v. The Dutch West India Company, 2 Ld. Raym. 1532. The company had recovered judgment in the O. B., which was affirmed in the king’s bench. In the report of the case in 2d Ld. Raym. 1534-5, it is said: “After-wards the plaintiffs in error brought a writ of error in parliament upon this judgment given by the court of king’s bench, which was heard by the house of lords April 25, 1730, and besides the errors insisted on in the king’s bench, the plaintiffs in error, by their counsel, Hr. Bootle and Mr. Wynne, insisted that no recognizance in England could be given to this gener-áis gprwilegiata societas Bélgica ad Indos occidentales nego-tians, for that the law of England does not take notice of any foreign corporation, nor can any foreign corporation in their *535 corporate name and capacity maintain any action at common law in this kingdom, and that therefore the recognizance was void in law.
“ They insisted that if any such recognizance could be acknowledged to this pretended company, yet no suit could be upon it here, without setting out the proper names of the persons concerned who make the company, and how constituted or privileged, and alleging the recognizance to be entered into by them per nomen of such a company. And if judgment had been for the plaintiffs in error against this pretended company, the plaintiffs could not have levied their costs upon them. But to this it was answered by Mr. Beeve and Mr. Eazakerly for the company, that the plaintiffs were estopped by their recognizance to say that there was no such company. And where an action is brought by a corporation, they need not show how they were incorporated, because the name argues a corporation; but upon the general issue pleaded by the defendant, the plaintiffs must prove they are a corporation. Hob. 211, Horris v. Staps. And the judgment of the king’s bench was affirmed by the house of lords, Saturday, April 25, 1730.”
It was said by Ch. <7. Taney, in The Bank of Augusta v. Earle, 13 Pet. 519, that since this case, no doubt appears to have been entertained in England of the right of a foreign corporation to sue in its courts.
It may, therefore, be regarded as a right recognized as settled by the law of that country, from which we derive our system of jurisprudence.
In the case last cited, The Bank of Augusta v. Earle, this question underwent a most elaborate discussion, both at the bar and from the bench, by some of the ablest and most distinguished jurists of the age; and it was held to be “well settled that by the law of comity among nations, a corporation created by one sovereignty is permitted to make contracts in another, and to sue in its courts.”
The reasoning and authorities upon which this decision is based seem to us to place the question beyond controversy. The principle is founded, as was said in that case, in the law *536 of comity among nations; and evidenced by the well known and long continued usages of trade and the presumed acquiescence and consent of all civilized nations. And our own legislation seems to have recognized and acted upon it as an undoubted and acknowledged principle. Acts of Extra Session, 1S45, p. 22, sec. 5; 8 Wend. 481; 1 Mon. 171; 7 Martin, 31.
2. Is the petition insufficient in not containing an averment that the plaintiffs are a corporation, duly constituted by competent authority; or, in not containing a statement of the proper names of the plaintiffs?
It is well settled that where a corporation sue, they must, on the general issue pleaded, prove that they are a corporation. It was so held in the ease before cited, of Henriques v. The Dutch West India Company. And in New York it has been declared to be, beyond a doubt, the common law of England, as it is also the settled law of that state, that where a suit is brought by a corporation, the plaintiffs must at the trial prove themselves duly incorporated by competent authority. Williams v. The Bank of Michigan, 7 Wend. 541; Welland Canal Company v. Hathaway, 8 Wend. 481; 8 J. R. 378; 14 id. 245, 416; 19 id. 300; 1 Wend. 555; 15 id. 317.
Since, then, the legal existence of the plaintiffs as a corporation must be proved, it would seem to follow that it must also be alleged.
But it is insisted for the plaintiffs that the defendant, in making the contract with the plaintiffs, admitted their character and right to sue, and is now estopped from alleging anything to the contrary. And in support of this position we are referred to the case in 2 Ld. Bavin., before cited, and the case of the Dutchess Cotton Manufactory v. Davis, 14 Johns. 245.
This position was taken and sought to be maintained upon the authority of the same cases, in the case of The Welland Canal Company v. Hathaway. But the court there decided, upon the fullest consideration and a careful examination of the authorities, that the fact that the defendant entered into a contract with the corporation and ga\ e his receipt to them in *537 their corporate name, or the name by which they were known, did not estop him from denying that the company was a body corporate, or relieve the company from the necessity of proving themselves duly incorporated by lawful authority.
In the opinion of the court by Mr. Justice Nelson, then a member of that court, the cases then and now cited to maintain the opposite opinion are examined and reviewed. The remark of Chief Justice Thompson in the case in 14 Johnson, that “ the defendant having undertaken to enter into a contract with the plaintiffs in their corporate name, he thereby admits them to be duly constituted a body politic and corporate under that name,” is controverted, and said to have been a dictum of the chief justice not necessary to the point under consideration. And the case cited in its support from 2 Ld. Itaym. is considered as favoring.the opposite opinion, and as an authority for the position, which it certainly maintains, that where a corporation sue, they must prove the fact of their corporate existence. The learned judge cites to this effect the note to the case, where the reporter states that Lord Chief Justice King, who tried the case of the Company v. Henriques, told him he made the plaintiffs give in evidence the proper instruments by which, according to the laws of Holland, they were created a corporation; and concludes that “the whole case must be considered an authority against the principle contended for by the plaintiffs.” The case then before the court, like the present, was the case of a simple contract, and might well be considered as differing materially from that of a recog-nizancei, as was the case of the Company v. Henriques. After adverting to the law of estoppels for the purpose of showing that it did not coma within the principles of the law upon that subject, the court proceeds to consider the effect of the contract as an admission, and concludes that “ the receipt and contract show the fact of an association acting under a particular name. So much appears on the face of the contract, and may be said to be admitted; but this in not enough for the plaintiffs; it must also appear that they had legal authority and capacity thus to act and to prosecute suits by such name, before their suit can be entertained.”
*538-539 The same question had been made, and upon the same authorities, in the court of errors of New York, in the case of 'Williams v. The Bank of Michigan, cited supra, and treated by Chancellor Walworth in much the same manner as by Mr. Justice Nelson in the case just cited.
These authorities must be regarded as repelling any conclusion favorable to the plaintiffs which might have been drawn from the cases on which they rely. They remove the case in its present aspect from the effect of any admission contained in the contract; and they establish beyond question, we-think, that by contracting with the plaintiffs in their corporate name, the defendant is not estopped from denying their corporate existence, nor has he thereby admitted, or relieved them from proving, their legal existence as a corporate body.1
The proposition that a fact thus essential to the plaintiff’s right to maintain his action, and which must be proved, must also be alleged, would seem not to admit of a question. It was however made a question in the case of the Dutchess Cotton Manufactory v. Davis, before cited, whether it was necessaiy for the plaintiffs to set forth in their declaration that they had been duly incorporated; and Chief Justice Thompson said he was inclined to think it was not. The general act, he said, relative to incorporations for manufacturing purposes was a publie law. The incorporation ought not to be considered a private act, since it was under a general law of the state. And this appears to have been the reason on which his opinion was based. It was evidently so understood by the reporter; for in a note to another case he states the principle of this-case to be, that “ in an action by an incorporated company for manufacturing purposes, the plaintiffs need not aver that they had been duly incorporated, as the act authorizing the incorporation isapubUo law.” 8 Johns. 378, n. a. It is plainly to be inferred, therefore, that had the act of incorporation been a private act, of which the court could not judicially take notice, the averment would have been deemed necessary. And so also of a foreign corporation for the same -reason. It was said in that case, that so far as precedents in cases decided were to be found, the averment was necessary, and “ the- *540 mere naming themselves a corporation was not sufficient.” And this observation respecting the precedents seems to he supported by the cases, and is a circumstance which shows, at least, what is the general sense of the profession as to the necessity of the averment. 10 Johns. 154; 5 Mass. 158; Binney, 70; 5 Craneh, 57; id. 61. It seems, however, that the plaintiffs did, at least, “ name themselves a corporation ” in that case; but even this they have not done in the case under consideration; nor is there any intimation in the petition of the character or capacity in which they sue.
In one of the cases before cited, 8 Wend. 485, the court seem to have regarded the averment as necessary when they say, “ It imist appear that they, the plaintiffs, had legal authority thus to act and to prosecute suits in such, their corporate name, before their suit can be entertained.”
Where the plaintiffs are a domestic corporation, created by a public law, it may not be necessary that they should allege that they are a corporation, as the court must judicially Impw the public act by which they are incorporated; but where a foreign corporation sue, the court cannot judicially know the name or legal being of such corporation. 1 Mon. 171; 15 Wend. 315. It is, in that case, a matter of fact, essential to the plaintiffs’ right to recover, or to maintain their action. It must be shown by them as the foundation of their right to litigate in our courts. And it therefore follows that it must be averred.
This is believed to be the only conclusion warranted by precedent and authority, and it must especially be the case in our pleadings, where every action is a special action on the particular facts and circumstances of the plaintiffs’ case.
In this view of the law the present petition must be adjudged insufficient to enable the plaintiffs to maintain their action.
It is no answer to say that the defendant, by his contract, has admitted the existence of the plaintiffs as an association or company, capable of contracting; for it by no means follows that he has admitted them to be an incorporated company. And if not, and but a mere partnership, then the pe *541 tition is insufficient in not setting out the names o£ tbe persons who constitute the firm; since a firm is not permitted to litigate in its • partnership name, but only in the names of its individual members. 3 Caine, 171; 1 Term, 75, 137; 5 Halst. 295; S Term, 50S. And to this effect is the language of Oh. Justice Savage, in the case of The U. S. Bank v. Stevens, 15 Wend. 316: “ The transaction of business by the defendant with the plaintiffs was probably an admission,” he said, “that they had capacity to transact business as a company, but not that they were an incorporated company. Many commercial companies not incorporated do business by officers and agents, and are capable of suing; but not otherwise than in their individual capacities.” Aud in one of the cases before cited, 7 Wend. 541, Chancellor Walworth said: “It is well known that there are many joint stock, and even banking companies, which are mere partnerships as to every person except their own stockholders, they never having been legally incorporated. Whatever name such a company may assume and use in the transaction of its business, it is a partnership and not a corporate designation; and every suit upon a contract with the company must be brought in the names of the several persons composing the firm. A contract made with the company by that name is neither an admission or any evidence whatever that it is entitled to sue by that name, as a corporation aggregate.”
The plaintiffs, in their petition, have given themselves no corporate or partnership designation touching the capacity in which they sue, nor have they averred that they are either a corporation or a partnership. In e'«ery view, therefore, which we have taken of the case, we are brought to the conclusion that the petition is insufficient in law in not setting forth and showing by appropriate averments that the plaintiffs were a corporation, duly constituted by lawful authority, if they sue as a corporation, or if they sue as a commercial or business firm, in not setti ag out the names of the persons who constituted the firm.
There was, therefore, no error in the judgment of the court sustaining the exceptions of the defendant to the plaintiffs’ petition, and the judgment must therefore be affirmed.