## O. C. MEUSEBACH v. M. HALF & BRO.

### No. 7361.

**1. Limitation—Part Payment.**—Payment of a part of a debt under the statutes of limitation this State does not avoid the bar of the statute, nor are such payments the acknowledgment of the justice of the debt nor a promise to pay it which will have that effect.

2. **Assignment by Debtor does not Stop Limitation.**—An assignment was made under the statute for the benefit of the creditors of the assignor. The trustee was empowered to convert the assets into money, and after payment of expenses to pay creditors pro rata. The holder of a note named as a debt in the deed of assignment after four years brought suit on the note. Limitation was pleaded. *Held*, that limitation upon the note was not suspended by the assignment, and that the action was barred by limitation of four years.

APPEAL from Bexar.    Tried below before Hon. G. H. Noonan.
The opinion gives a statement.

*George C. Altgelt*, for appellant.—1.    The assignment by appellant for the benefit of his creditors, wherein he in writing acknowledged and provided for the payment of his debt to appellee out of the assigned estate, is not such an acknowledgment in writing of the debt as will remove the bar of the statute of limitations.    Rev. Stats., arts. 3205, 3219; Mitchell v. Clay, 8 Texas, 444; Bell v. Morrison, 1 Pet., 351; Ang. on Lim., pp. 238, 234; Wood on Lim., sec. 79; Busw. on Lim., sec. 45; Christy v. Flemington, 10 Pa. St., 129; Richardson v. Thomas, 13 Gray, 381.

2.    The failure of the assignee to collect the debts of the assignor (appellant) and reduce the same to cash until after March, 1885, and within four years prior to the filing of the suit, does not remove the bar of the statute of limitations of four years.

3.    Appellee's cause of action as against appellant accrued upon the maturity of the notes and not upon the failure of the assignee to render a final account of the assigned estate.

4.    The acknowledgment not having been made to appellees, but to a third party, is not sufficient to prevent the bar of the statute.    Coles v. Kelsey, 2. Texas, 557; Wood on Lim., sec. 79; 2 Story's Eq. Jur., sec. 1521a; Sibert v. Wilder, 16 Kan., 176.

*Simpson & James*, for appellees.—1.    When a debtor by a writing signed by him acknowledges a debt and provides for its payment at or within a future time, the acknowledgment is a continuing one, and operates to suspend the statute until the time has arrived or the event has happened which limits or determines the acknowledgment.    Bank v. Johnson, 21 La. Ann., 128; Lange v. Carothers, 31 Kan., 301.

2.    A schedule of debts given by a debtor in a case of voluntary assignment by him operates as a new promise so as to remove the bar of limitation, herein differing from an involuntary act on his part, as where the act is enjoined on him by some provision of law.    Wood on Lim., sec. 92.

STAYTON, CHIEF JUSTICE.—This is an agreed case, from which it appears that appellees were the holders of notes now sued on, which had

matured prior to October 8, 1884. This action was brought February 13, 1889, and appellant pleaded limitation of four years in bar of the action, which the court below refused to sustain. To avoid the defense of the statute of limitation, it was shown that on October 8, 1884, appellant made an assignment under the statute of all his property for the benefit of his creditors, naming them, among whom were appellees. The deed of assignment also mentioned the notes sued on and contained the following clause:

"That the party of the second part (meaning the assignee) shall by public or private sale at his discretion dispose of all property, collect, sue for, and effect compromises for all debts due party of the first part (meaning Meusebach), which shall be at his discretion. He (meaning the assignee) shall also convert all assets into cash as speedily as it can be done by him, and as soon as the proceeds are realized, after paying expenses attending the execution of this trust, pay the creditors off according to the list of creditors hereto attached and made a part of this instrument their respective demands, without any preference among them."

It is further agreed: "That up to the date of the trial the assignee had not disposed of all the property of the assignor nor converted same into cash.

"That in July, 1886, the assignee paid a dividend, which is credited in plaintiff's petition and in the judgment rendered below.

"And it is further agreed that the sole issue of law arising on this appeal is whether or not the clause contained in the deed of assignment above quoted is, in connection with the above facts, sufficient to take plaintiff's debt out of the statute of limitations, the same being otherwise barred, and the plea of limitation having been duly interposed by appellant; and if the same is not sufficient to that end, then the judgment may be reversed and rendered for the appellant, otherwise the same may be affirmed."

The statute provides that "there shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterwards, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

This statute is applicable to the case before us, and the action was clearly barred unless the facts above stated relieve it.

It is unnecessary to consider whether the recognition of the debt and provision made through the assignment deed to pay it would operate as a sufficient acknowledgment of the debt to prevent the operation of the statute prior to the date of that instrument; for, if that be conceded, more than four years elapsed after that instrument was executed before this action was brought, and the action is clearly barred unless, as contended by appellee, the provision of the instrument quoted prevented the running of the statute so long as the estate vesting in the assignee was not fully administered.

If payment of a part of a debt could be given the same effect as a new promise to pay, which may be implied from an unequivocal acknowledgment in writing of the justice of a debt, we see no reason why the direction to the assignee to pay and his payments made from time to time should not be given the same effect as though the payments had been made by the debtor directly.

Payment of a part of a debt, however, under the statutes of this State does not avoid the bar of the statute, nor are such payments the acknowledgment of the justice of the debt nor a promise to pay it which will have that effect.

The purpose of the deed of assignment was to vest in the assignee for the benefit of creditors the property assigned, but we do not see how that can be construed into a subsequent promise to pay the debts nor into a subsequent acknowledgment of their justice. It was a recognition at the time of the existence of such claims and a direction to the assignee to apply the proceeds of the property conveyed to him to their payment, but nothing more.

This in no manner suspended the right of appellees to sue upon their claims, although it may have taken from them the right to subject the property in the hands of the assignee through execution to their payment. The same causes of action made the foundation of this action had accrued before the assignment was made, and continued every hour afterwards; but when four years elapsed after that instrument was executed, it is too clear that the statute gave appellant the right to urge limitation as a bar.

The right of action was never suspended, but at all times might have been exercised, and judgment obtained under it enforced against any property of appellant not assigned subject to the payment of his debts. The action was clearly barred, and judgment should have been rendered for appellant, and the judgment will therefore be reversed and here so rendered.

*Reversed and rendered.*

Delivered May 6, 1890.