## CLARKE et al. v. GENERAL SUPPLY CO., Inc. (No. 8062.)

Court of Civil Appeals of Texas. San Antonio. Nov. 14, 1928.

Pope, Pope, Valdez & Pope and Mann, Neel & Mann, all of Laredo, for appellants.

Asher R. Smith, of Laredo, and Drought & Stevens, of San Antonio, for appellee.

FLY, C. J. Appellee sought a recovery for a debt of $305.80, as against A. D. Clarke, H. L. Jackson, and Laredo Lumber Company,

the name under which Clarke and Jackson at different times transacted business. It was alleged that appellee shipped to appellants, on consignment, 70 squares of asbestos shingles of the value of $700, and one ridge roll of the value of $100. Credits were admitted reducing the indebtedness to $305.80. The consignment was made on or about July 29, 1921, the suit was begun on October 6, 1926, and on December 4, 1923, the lumber company, A. D. Clarke, manager, wrote a letter in which it was admitted that $305.66 was due appellee. The suit was based on that letter. Appellants, among other things, pleaded limitation of two years. The court rendered judgment in favor of appellee for $305.80 on appellants' promises in writing to pay the debt.

Clarke was manager and owner of the Laredo Lumber Company on December 4, 1923, stating in an answer to a letter from appellee that the account that it desired paid was not correct because two payments had not been credited on the account, and stated: "This leaves a balance in your favor of $305.66." Clarke, when testifying as a witness, testified that the lumber company owed appellee the amount for which it sued, and that Jackson had assumed the debts of the company when he (Clarke) sold the company to Jackson. He admitted owing appellee. He said, in referring to his admission in his letter, that "was all we owed them." It was agreed by appellants' attorneys that if Clarke owed the debt Jackson was also liable. The evidence clearly showed that Clarke owned the Laredo Lumber Company when he acknowledged the debt due by the company.

The first assignment of error does not state that the letter was insufficient to constitute an acknowledgment of the justice of the debt and an implied promise to pay the same, the only contention in the assignment being that the debt being evidenced by an open account, "subject to the statute of limitations of two years, and the letter relied upon to remove the bar and extend the period of limitation, dated December 4, 1923, was written prior to the expiration of two years from the accrual of the account cause of action, and could, and did, do no more than to extend the time within which suit could be instituted to two additional years from the date thereof." That is the only proposition presented by the assignment of error. Appellants admit that there is no Texas decision upholding such a proposition which has no reasonable foundation upon which it can be based. The statute itself condemns the proposition. The statute provides that an acknowledgment of the justness of a claim made after it is due must be in writing, and of course the moment that a promise in writing is made, then limitation as to a written promise to pay would apply. The debt was transformed from an open account into a promise in writing to pay, and would preserve the debt for four years from and after the date of the writing, and the debt would not have been barred before December 4, 1927. Lange v. Caruthers, 70 Tex. 718, 8 S. W. 604.

The second assignment of error is overruled. The evidence showed that Clarke owned the lumber company when he admitted the justness of the debt and stated several times in his testimony that "we" owed the debt. He bought the lumber company from Jambers and made its debts his debts. He had promised to relieve Jambers from the debts of the company. He and Jackson were both responsible for the debt for $305.80.

The judgment is affirmed.