Shaw C. J.
drew up the opinion of the Court. This is an action on a promissory note, and the defence is that the plaintiffs have taken and received usurious interest, in consequence of which the note is void. We have not thought it necessary to consider the effect of the repeal of the statute of 1783, c. 55, by which usurious contracts are declared void, because we think that upon other grounds the defence of usury is not maintained. The fact on which it is founded is, that *596 the plaintiffs, on discounting this note, took the interest in advanee, and that on the first discount of the note and at several subsequent renewals, the cashier received $21 as the interest of $ 2000 for 63 days.
That this sum a little exceeds six per cent, for one year, as fixed by the statute, is very obvious. If this were done with design, and with the intent of taking more than the lawful interest, or if done in pursuance of the adoption of a principle of computation, which would give more than the legal rate, we are not prepared to say that it would not be usurious, however small the excess over the legal rate.
But, as the statute prescribes the rate of interest for one year, and so at the same rate, for a longer or shorter time, it is obvious, that when the interest is to be computed in days or months, it is impossible to follow the prescribed rule precisely, without taking the fraction of a day ; and that this is not required, is now settled by the whole current of authorities. From the impossibility of executing the statute with literal exactness, has resulted the necessity of resorting to an execution cy pres, in many cases, where it is intended to conform to the intent and spirit of the statute. So it has been the practice to consider a contract for money payable in months, to be payable in calendar months, and tó consider a calendar month as the 12th part of a year, and compute interest accordingly, though they are of different lengths. A note given in February at two months will have 59 days to run and pay one per cent, interest, as for the sixth part of a year; but a note given in December at two months will have 62 days to run and pay the same rate of interest.
The same difficulty arises, in computing interest for a small number of days ; and' therefore some approximation, which can be made by an easy and practicable mode of computation, if made in good faith and without being intended as a cover for usury, has been considered allowable, without drawing after it the penalty of the statute. Such being the. universal practice of other persons, as well as banks, we think a jury would not be warranted, from the mere fact that the interest thus computed slightly exceeds the legal rate, to infer a corrupt and usurious agreement.
*597 And we think the present case comes within this rule. The intent was, to compute and receive the interest for 60 days and grace. The grace is a regular portion of the time the note has to run, and the bank had a right to compute and receive interest for it. The period of 60 days is one sixth of a year, as nearly as can be computed without a fraction, and 3 days is the nearest approximation to the 10th part of a month, or the 120th part of a year, without fractions of a day. Upon this view of the case, we are of opinion, that it is not shown that usurious interest was taken contrary to the provisions of the statute, and that the defence is not sustained.[1]
Upon the other point, that taking the interest in advance Is usurious, we think it too well settled by a series of decisions both in this, and other States, to be now questioned, that such practice is not a violation of the statute and does not render the contract usurious.

Defendants defaulted.

 See Utica Ins. Co. v. Tillman, 1 Wend. 555.