## CANON v. STANLEY et al.
## No. 3458.

Court of Civil Appeals of Texas. El Paso.

Dec. 17, 1936.

Jesse R. Orth, of Odessa, for appellant.

Hudson & Hudson, of Pecos, for appellees.

WALTHALL, Justice.

Mrs. W. R. Stanley, formerly Mrs. E. C. Canon, joined pro forma by her husband, W. R. Stanley, brought this suit against appellant, R. O. Canon, on November 2, 1935, in which she alleged that on or about August, 1931, she loaned appellant and her son, Cary Canon, the sum of $500; that thereafter appellant purchased the interest of Cary Canon in an oil filling station and assumed full payment of the loan, on which appellees acknowledged part payment of the loan; this suit is against appellant to recover the unpaid balance of the loan alleged to be $386, with interest. Appellee alleged that appellant on May 2, 1935, by a letter of that date, "did acknowledge his debt to this plaintiff, and thereby renewed said account and by various and sundry letters during all of said period has kept said account in full force and effect."

Appellant demurred generally, presented special exceptions, one of which set up the two-years·statute of limitations (Vernon's Ann.Civ.St. art. 5526); further answered by general denial; specially pleaded the two-year statute of limitations; pleaded a credit of $130.

The court overruled appellant's exceptions, heard the evidence, and entered judgment for appellees.

The court filed findings of facts and conclusions of law.

The findings of fact are substantially as hereinafter noted in an agreed statement. The court further found that on May 2, 1935, appellant promised in writing to pay said debt. The court concluded there is no limitation in the case and that appellant is jointly indebted to appellee in the sum stated.

Appellant perfected this appeal.

No statement of facts is found in the record.

With the consent and approval of the court the parties to this suit agreed that the following facts .were proved: ·

"On or about August 19, 1931, plaintiff, Mrs. W. R. Stanley, then Mrs. · E. C. Canon, loaned defendant, R. O. Canon and her son, Carey Canon, $500.00 to help acquire a certain filling station in Odessa, Ector County, Texas. That no note was executed for said money and no certain date was set for its repayment. That defendant, R. O. Canon has at various times paid plaintiff a total sum of $130.00. That the deed mentioned in plaintiff's exhibit "B" hereinafter set forth, was filed for record by defendant, R. O. Canon. On November 20, 1935, and for the purpose of this appeal only, it is agreed that the money was used for the purpose above mentioned.

"The parties to · this appeal not being able to agree to all facts proven on the trial of the above cause submit the following letters constituting the written evi-

dence introduced in said cause by plaintiffs, and only the parts material to the trial of this cause are copied herein, and are submitted for the court's consideration as to the facts which they establish."

Then follow the three letters marked, respectively, Exhibit "A," "B," and "C." The letters are lengthy, and from the view we take of the case, we need not copy them here.

### Opinion.

Appellee's cause of action would be barred by the statute of limitations of two years, as pleaded by appellant, unless the time of payment was extended by the writing of May 2, 1935, as pleaded by appellee, and referred to and found by the court in the findings of fact. Appellee possibly anticipating the plea of limitations, pleaded, as stated, that appellant "acknowledged his debt" on May 2, 1935, by a letter of that date, and thereby renewed said·account and kept said account in force and effect.

The making of a new promise to pay a claim, either before or after the bar of the statute of limitations, creates a cause of action upon the new promise. The cause of action is not upon the original claim, but upon the acknowledgment as a new promise, which is required to be pleaded. 28 Tex.Juris. p. 240, par. 174, and the cases there cited.

While the original cause of action should be set out as constituting the consideration for the new promise, the suit being upon the subsequent promise it should be alleged in plain and emphatic terms. 28 Tex.Juris. p. 273; White v. Stewart (Tex.Civ.App.) 19 S.W.(2d) 795. It is merely a conclusion of law to allege that on a date specified the debtor acknowledged the debt. It is said in Howard v. Windom, 86 Tex. 560, 26 S.W. 483, and in Powers v. Schubert (Tex.Civ.App.) 220 S.W. 120, that the practice is to set forth the writing in hæc verba, or to produce it as an exhibit. Here appellee referred to appellant's letter of May 2, 1935, and said defendant by said letter acknowledged his debt to appellee and thereby renewed said account. The verbiage of the letter was not stated, nor was it made an exhibit to the petition.

We construe the suit, as pleaded, to be upon the original account for the money loaned, and not upon the letter, as a new promise; the letter as an exhibit being referred to as evidence in acknowledgment of the debt and not pleaded as a promise to pay the debt.

The exhibits certainly acknowledge that appellant owes the debt to appellee, in some amount, but the suit not being upon the letter of May 2, 1935, we are not called upon to construe it as containing such promise to pay the debt as the law requires to take the cause of action out of the bar of the statute; the trial court not having construed the letter as containing such promise·to pay the debt, but only as an acknowledgment of such debt.

For reasons stated the· case is reversed and remanded.