Ruth SIEGEL and the Estate of Joe W. Siegel, Deceased, Appellants,

v.

McGAVOCK DRILLING COMPANY, a Texas Corporation, Appellee.

No. 8619.

Court of Civil Appeals of Texas, Amarillo.

Nov. 17, 1975.

Rehearing Denied Dec. 15, 1975.

Whittenburg Law Firm, George Whittenburg, Amarillo, for appellants.

Sanders, Saunders, Brian, Finney & Thomas, Ronald D. Nickum, Amarillo, for appellee.

REYNOLDS, Justice.

The result of this appeal is determined by the answer to this question: is a take-nothing summary judgment authorized where the exhibits attached to plaintiffs' sworn account established defendant-movant's affirmative defense of limitation, to avoid which plaintiffs plead payment by defendant's written instrument, not as the cause of action on a new promise, but as a sufficient acknowledgment of the account sued on to renew the running of limitation? Texas law dictates an affirmative answer. Affirmed.

Plaintiffs Ruth Siegel and the Estate of Joe W. Siegel, Deceased, filed this suit on October 25, 1974, against defendant McGavock Drilling Company, a Texas corporation, in the nature of a sworn account to recover the balance due for merchandise shown by attached invoices to have been sold and delivered from March of 1966 through December of 1968. McGavock answered with a verified pleading, stating that each and every item of the account was not just or true and asserting the affirmative defense of the four-year statute of limitation, Article 5527.[1] Siegel responded with a supplemental petition affirming that the "cause of action herein arises from the sale of goods on an open account," and alleging that payments made on the account in 1970 by McGavock's written instrument, and particularly the payment by McGavock's check dated November 16, 1970, constituted a sufficient acknowledgment under Article 5539 [2] "to renew the running of the statute from November 16, 1970, giving plaintiffs four years from that date, or until November 16, 1975 (sic), to file suit." McGavock moved for summary judgment by an unsworn motion, a ground for which was that plaintiffs' cause of action was barred by the four-year statute of limitation. The trial court, finding that the four-year statute of limitation barred the debt sued upon, granted the motion and rendered judgment that Siegel take nothing.

To reverse the judgment, Siegel contends, first, that McGavock offered no summary judgment proof and the pleadings alone cannot be regarded as summary judgment evidence, citing *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 545 (Tex.1971); second, that McGavock's November 16, 1970 check payment constituted a written acknowledgment sufficient to renew the running of the statute of limitation for four years from that date, citing Article 5539; and third, that there is a material fact issue whether McGavock's November 16, 1970 check constituted a sufficient acknowledgment, because McGavock offered no summary judgment proof to negate the existence of the written instrument, citing *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975).

---

1. All cited articles are referenced to the number under which they appear in Vernon's Annotated Revised Civil Statutes of the State of Texas.

2. Art. 5539. Acknowledgment must be in writing

When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby.

Hidalgo, supra, does hold that, except where summary judgment is authorized on deficiencies in the opposing pleadings,[3] the pleadings, even if sworn, do not constitute summary judgment evidence; but the summary judgment record we review contains more than mere pleadings. Here, the invoices which form the foundation of plaintiffs' cause of action on a sworn account are attached to Siegel's own petition. These exhibits show that the last sale of merchandise was made more than four years before the suit was filed and estblish McGavock's affirmative defense of the four-year statute of limitation as a matter of law. *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934, 936 (Tex.1972).

In seeking to avoid the bar of limitation, Siegel points to plaintiffs' first supplemental petition pleading that McGavock acknowledged the account in writing (by its payment with the November 16, 1970 check) within four years from the date of the account, and insists that this check payment is sufficient, under Article 5539, to renew the running of limitation until November 16, 1974, a date after this suit was filed. The check which Siegel relies on as an acknowledgment of the account sued upon is neither fully set out in Siegel's pleadings nor made a part of the record and, consequently, it is impossible to determine if it meets the requirements of an acknowledgment under Article 5539; however, mere payment by itself neither interrupts the running of limitation on the debt, *Stein v. Hamman*, 118 Tex. 16, 6 S.W.2d 352, 353 (1928), nor acknowledges the justness of the debt with an implicit promise to pay it. *Meusebach v. Halff*, 77 Tex. 185, 13 S.W. 979, 980 (1890).

When the debtor signs a written acknowledgment of his previous debt, Article 5539 does not operate to suspend limitation or to revive the original agreement; its office is to support an action on the promise to pay that is stated in or implied by the debtor's written acknowledgment of the justness of the creditor's claim which is independent of, but made in consideration for, the previous debt. *Coles v. Kelsey*, 2 Tex. 541, 556–57 (1848); *Cain v. Bonner*, 108 Tex. 399, 194 S.W. 1098 (1917). If, as here, more than four years have intervened between the time the debt was due and the date the suit was filed, the bar of limitation is complete and the cause of action on the original debt is gone; but the old debt, even if barred by limitation, is consideration to support a cause of action brought within four years on the new promise to pay the debt embraced in a written acknowledgment of its justness. *Coles*, supra, 2 Tex. at 548; *Cain*, supra, at 1098. Thus, although action on the old debt is barred by limitation, Article 5539 operates to prevent that limitation bar from defeating the cause of action brought on the new promise to pay the old debt.

However, to recover on the new promise to pay embraced in the acknowledgment of the previous debt, the new promise to pay must be specifically pleaded as the cause of action in order to avoid the pleaded bar of limitation to the original debt. *Hanley v. Oil Capital Broadcasting Ass'n*, 141 Tex. 243, 171 S.W.2d 864, 866 (1943). But here, Siegel has not pleaded a cause of action on a new promise to pay arising from the alleged acknowledgment by the check; recovery is only sought on the original account which, as the record establishes, is barred by limitation as a matter of law. *Cf. Canon v. Stanley*, 100 S.W.2d 377, 378 (Tex.Civ.App.—El Paso 1936, no writ). With the plea of limitation established to the cause of action pleaded on the original account, Siegel was left without any maintainable action on it and,

---

**3.** Fn. 1, 462 S.W.2d 543, as, for example, "when the plaintiff's petition fails to state a legal claim or cause of action." But *cf. Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974), which holds that summary judgment on pleadings insufficient to state a cause of action is improper, the proper attack on the deficiency of pleading being by special exceptions.

a new promise to pay not being asserted as the cause of action, Siegel's suit was at an end. *Cain*, supra, at 1099.

 The holding in *Zale Corporation v. Rosenbaum*, supra, which Siegel relies on for reversal is not applicable to the facts here. That holding is: where the non-movant interposes a suspension statute, such as Article 5537 (which provides that the time a debtor is absent from the state shall not be counted in computing the limitation period), in resisting a summary judgment motion based on the affirmative defense of limitation, the limitation defense is not established as a matter of law until the movant meets his burden of negating the applicability of the suspension statute. Siegel, however, did not plead any statutory suspension of limitation to the original account sued upon; rather, Siegel pleaded Article 5539 in response to McGavock's affirmative defense of limitation. As has been noted, Article 5539 is not a suspension statute and it does not operate to prevent the running of limitation on the cause of action pleaded on the original account. See, also, *Clarke v. General Supply Co.*, 10 S.W.2d 1037, 1038 (Tex. Civ.App.—San Antonio 1928, no writ).

The summary judgment is affirmed.