# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00713-CV

**Brian DeRoeck, Melinda Young, and Kathryn Boykin, as co-trustees of the
Walter A. DeRoeck QTIP Trust, Assignee of Texas Capital Bank National Association,
Appellants**

**v.**

**DHM Ventures, LLC; James W. Moritz; and Nathan W. Halsey, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-14-002392, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The appellants (collectively, the Trust) sued to collect on a debt allegedly owed by appellee DHM Ventures and guaranteed by appellees James W. Moritz and Nathan W. Halsey (collectively, the Defendants). The trial court signed a final summary judgment dismissing the Trust's claims. In five issues on appeal, the Trust contends that the trial court erred in granting summary judgment in the Defendants' favor because the Trust's claims were not barred by limitations. We will affirm the trial court's summary judgment.

## BACKGROUND

The Trust alleged the following facts in its trial-court pleadings. DHM signed a "Revolving Promissory Note" (the Note) in the maximum amount of $8,500,000. Moritz and Halsey signed agreements personally guaranteeing payment on the Note. The original holder of the Note

assigned the Note to the Trust. The maturity date of the Note was October 17, 2009. DHM made regular interest payments on the Note from August 2011 until December 2013 and then made no further payments on the principal or interest.

The Trust filed suit against the Defendants on July 18, 2014. The Trust's original petition alleged causes of action for "suit on debt and breach of contract relating to the Note." The petition also sought judicial foreclosure of properties used to secure the Note. In their answer, the Defendants asserted the affirmative defense that the Trust's claims were barred by the statute of limitations. The Trust filed a motion for summary judgment arguing that its claims were not time-barred because a six-year statute of limitations applied, not a four-year statute, and the Trust filed suit within six years of the Note's maturation date. The trial court denied the Trust's motion.

The Defendants then filed a combined traditional and no-evidence motion for summary judgment arguing that a four-year statute of limitations applied and barred the Trust's claims. In response, the Trust amended its petition to include allegations that the Defendants had continued making interest payments after the Note matured and had sent emails acknowledging the debt and that these acknowledgments were sufficient to avoid the four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.065 ("An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged."); *Alsheikh v. Arabian Nat'l Shipping Corp.*, No. 14-05-00787-CV, 2006 WL 1675384, at *2 (Tex. App.—Houston [14th Dist.] June 20, 2006, no pet.) (mem. op.) ("[T]he statute of limitations can be avoided if the party to be charged acknowledges the debt.").

The Defendants, in their reply to the Trust's response to their motion for summary judgment, argued that the Trust had pleaded acknowledgment merely as a defense to the Defendants' limitations defense, not as a new cause of action as required. The trial court granted final summary judgment for the Defendants and dismissed the Trust's claims with prejudice. This appeal followed.[1]

## DISCUSSION

### Acknowledgment of Debt

In its first three issues, the Trust contends that the trial court erred in granting summary judgment in the Defendants' favor on the ground of limitations because the Defendants acknowledged their indebtedness less than four years before the Trust filed suit.[2] Although the Trust vigorously contended in the trial court that a six-year statute of limitations applied to its claims, on appeal it does not dispute that a four-year statute of limitations applied. Because it is undisputed that the Trust did not file suit until more than four years from the date the Note matured, the trial court did not err in granting summary judgment in DHM's favor unless the Defendants' alleged acknowledgment of the debt prevents the Trust's claims from being time-barred.

---

[1] We review a trial court's ruling on a motion for summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Traditional summary judgment is proper only if the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). No-evidence summary judgment is proper "unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* R. 166a(i).

[2] Specifically, in its first issue, the Trust contends that its claims were not time-barred because the "acknowledgment doctrine" allowed the Trust to avoid the four-year statute of limitations. In its second issue, the Trust contends that the Defendants' acknowledgment of the debt similarly revived the Trust's foreclosure claims. In its third issue, the Trust contends that the trial court erred in granting summary judgment for Moritz and Halsey because they guaranteed the debt and the Trust's claims on the debt were saved by the acknowledgment doctrine.

3

When the four-year statute of limitations has run on an action for debt, the original cause of action is time-barred. *See Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894, 896 (Tex. Civ. App.—Amarillo 1975, writ ref'd n.r.e.) ("If, as here, more than four years have intervened between the time the debt was due and the date the suit was filed, the bar of limitation is complete and the cause of action on the original debt is gone . . . ."). If the debtor signs a written acknowledgment of the debt, a new promise to pay is created and gives rise to a new cause of action. *See id.*; *see also Cain v. Bonner*, 194 S.W. 1098, 1098 (Tex. 1917) ("Since the statute, when pleaded, makes a recovery upon the barred debt impossible, reliance upon the new promise to overcome limitation necessarily makes of it the cause of action. Otherwise there is no cause of action that may be enforced."); *Coles v. Kelsey*, 2 Tex. 541, 548 (1847) ("But it is a new cause of action, and not the revival of the old one; for, if not regarded as a new cause of action, the words of the statute would prevent it from enabling the party to recover."); *Canon v. Stanley*, 100 S.W.2d 377, 378 (Tex. Civ. App.—El Paso 1936, no writ) ("The making of a new promise to pay a claim, either before or after the bar of the statute of limitations, creates a cause of action upon the new promise.").

However, the plaintiff must specifically and clearly plead this new cause of action. *See Hanley v. Oil Capital Broad. Ass'n*, 171 S.W.2d 864, 866 (Tex. 1943) ("As to the sufficiency of Hanley's petition, we recognize that his demand must be upon the new promise, that he must declare upon it as his cause of action, in order to avoid respondent's plea of limitation."); *Cain*, 194 S.W. at 1098 ("When in an action for debt a new promise is relied upon to avoid a plea of limitation, such promise, whether made before or after the bar is complete, constitutes the cause of action and must be declared upon for a recovery."); *Siegel*, 530 S.W.2d at 896 ("[T]o recover on the new promise to pay embraced in the acknowledgment of the previous debt, the new promise to pay

must be specifically pleaded as the cause of action in order to avoid the pleaded bar of limitation to the original debt."); *Canon*, 100 S.W.2d at 378 ("While the original cause of action should be set out as constituting the consideration for the new promise, the suit being upon the subsequent promise it should be alleged *in plain and emphatic terms*.") (emphasis added).  It is not sufficient for the plaintiff to allege written acknowledgment only as a way to avoid the statute of limitations while pursuing a cause of action on the original debt.  *See Siegel*, 530 S.W.2d at 896 ("In seeking to avoid the bar of limitation, Siegel points to plaintiffs' first supplemental petition pleading that McGavock acknowledged the account in writing . . . .  But here, Siegel has not pleaded a cause of action on a new promise to pay arising from the alleged acknowledgment by the check; recovery is only sought on the original account which, as the record establishes, is barred by limitation as a matter of law.").

Here, the Trust amended its petition to include allegations that the Defendants acknowledged the debt in writing after the Note matured and within four years of the date the Trust filed suit.  However, the Trust's amended petition raises these allegations only as a means of avoiding the Defendants' affirmative defense of limitations on the original debt, not as a new and independent cause of action related to a newly created debt.  The Trust's amended petition does not mention acknowledgment under its causes of action.  Moreover, the petition explicitly states that the Trust is pleading acknowledgment solely as a defense to limitations:

> Accordingly, *to the extent necessary to avoid any limitations defense asserted by Defendants*, Plaintiffs plead that DHM and Halsey and Moritz each acknowledged the original debt up until December 2013 on multiple occasions.
>
> ***
> *For purposes of this avoidance pleading*, the effect of these numerous acknowledgments is to create a new promise to pay the old debt evidenced by the Note and the loan documents.

5

(emphases added). In the petition's prayer, the Trust asks for the "unpaid principal balance and accrued interest and other sums due to Plaintiffs under the terms of the Note and the Loan Documents," never mentioning the alleged new promise. Moreover, we note that, although the Defendants pointed out in their reply to the Trust's response to their motion for summary judgment that the Trust had not relied on any alleged new debt as its cause of action, the Trust did not further amend its petition to clarify this point.

Because it is undisputed that the Trust's original cause of action against DHM was time barred, and because the Trust did not properly plead a new cause of action arising from a new promise to pay the old debt in "plain and emphatic terms," we conclude that the trial court did not err in granting summary judgment in favor of DHM.[3] *See Siegel*, 530 S.W.2d at 896 (concluding that plaintiff did not plead cause of action on new promise to pay and noting that predecessor to Tex. Civ. Prac. & Rem. Code § 16.065 "is not a suspension statute and it does not operate to prevent the running of limitation on the cause of action pleaded on the original account"); *see also Eldridge v. Collard*, 834 S.W.2d 87, 90 (Tex. App.—Fort Worth 1992, no writ) ("We hold that by the language above appellees did not sufficiently plead any written acknowledgment as their cause of action."); *White v. Stewart*, 19 S.W.2d 795, 798 (Tex. Civ. App.—Dallas 1929, writ ref'd) ("Under the above authorities, appellee Stewart was required, if he relied upon the new promise, to have alleged that promise *in plain and emphatic terms*, as the basis of his cause of action; this he failed to do . . . .") (emphasis added). Accordingly, we overrule the Trust's first three issues.

---

[3] We also conclude that the Trust's first three issues do not establish that the trial court erred in granting summary judgment in favor of Moritz and Halsey. We will address the Trust's fourth issue regarding the guarantors below.

**The Guarantors**

In its fourth issue, the Trust contends that the trial court erred in granting summary judgment for Moritz and Halsey because its cause of action against these guarantors did not accrue until the Trust made demand for payment on May 12, 2014, within four years of the time the Trust filed suit. The Defendants respond that the Trust has waived this argument because it never raised it in the trial court. The Defendants also argue that the guaranty agreements that Moritz and Halsey signed provide that Moritz and Halsey were obliged to make payment immediately when the payment was due, regardless of when demand was made, and that the Trust's later demand for payment is therefore irrelevant to the question of when the Trust's cause of action accrued.[4]

Assuming without deciding that the Trust did not waive its demand argument[5] and that the guaranty agreements provide that payment was only due from the guarantors upon demand,

---

[4] "Generally a cause of action accrues when facts come into existence [that] authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another." *American Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015) (internal quotation marks omitted). "When a claim accrues is a question of law reviewed de novo." *Berry v. Encore Bank*, No. 01-14-00246-CV, 2015 WL 3485970, at *4 (Tex. App.—Houston [1st Dist.] June 2, 2015, pet. denied) (mem. op.) (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990)).

[5] We note that the Defendants, in the no-evidence portion of their motion for summary judgment, list the elements for recovery on a guaranty agreement and contend that "Plaintiffs have failed to provide sufficient evidence to show the occurrence of the condition on which liability is based as required by element 3 above. Further, Plaintiff has failed to provide sufficient evidence to show Guarantors' failure or refusal to perform the promise as required by element 4 above." The trial court's order granting the Defendants' motion for summary judgment does not specify the ground on which the court granted summary judgment. On appeal, the Trust has not challenged the guarantors' no-evidence grounds quoted above, and we could therefore affirm based on those grounds alone. *See Blizzard v. Select Portfolio Servicing*, No. 03-13-00716-CV, 2015 WL 5096710, at *4 (Tex. App.—Austin Aug. 27, 2015, no pet.) (mem. op.) ("If the appellant does not challenge each possible ground for summary judgment, we must uphold the summary judgment on the unchallenged ground.") (citing *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.—Dallas 2005, no pet.)).

the Trust was still required to make demand within a reasonable time. *See Stevens v. State Farm Fire & Cas. Co.*, 929 S.W.2d 665, 671 (Tex. App.—Texarkana 1996, writ denied) ("Where demand is a condition precedent to a suit, the injured party may not, by failing to make demand, postpone the running of the statute until he decides to make a demand. Where demand is a prerequisite to a right of action, the injured party must make the demand within a reasonable time after it may lawfully be made.") (citations omitted); *see also Hardin v. Lella*, No. 03-14-00607-CV, 2015 WL 6830598, at *2 (Tex. App.—Austin Nov. 4, 2015, no pet.) (mem. op.) ("[I]f a demand is an integral part of the cause of action, or a condition precedent to sue, the statute does not begin to run until demand is made *unless the demand is waived or is unreasonably delayed*.") (emphasis added); *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 5 (Tex. App.—Dallas 1994, no writ) (same). In the absence of mitigating circumstances, a time coincident with the running of the statute of limitations will be deemed reasonable, and if the demand is not made within that period the cause of action will be barred. *Hardin*, 2015 WL 6830598, at *2; *Stevens*, 929 S.W.2d at 671.

Here, it is undisputed that the Trust did not demand payment from Moritz and Halsey until May 12, 2014, more than four years after the Note matured. Because the Trust did not make demand within the limitations period, we conclude that it did not make demand within a reasonable time. Therefore, the trial court did not err in granting summary judgment in favor of Moritz and Halsey on the ground of limitations. Accordingly, we overrule the Trust's fourth issue.[6]

---

[6] The Trust's appellate brief lists a fifth issue: "The Trial Court Erred in Granting Summary Judgment for DHM, Moritz, and Halsey and in Failing to Grant Summary Judgment or Partial Summary Judgment for the Trustees (Applicable to All of the Preceding Issues)." The Trust does not brief this issue or explain how it is independent from its other issues. We overrule the Trust's fifth issue.

**CONCLUSION**

We affirm the trial court's final summary judgment.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 9, 2016

9